J-S54037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT LEE BEAVERS, JR. | |
| Appellant | No. 150 MDA 2014 |

Appeal from the Judgment of Sentence entered November 6, 2013
In the Court of Common Pleas of the 39th Judicial District,
Franklin County Branch
Criminal Division at No: CP-28-CR-0002258-2012

BEFORE:  LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 18, 2014**

Robert Lee Beavers, Jr., was convicted of crimes relating to his sexual abuse of his minor step-niece.  He appeals from the judgment of sentence made final by the denial of his post-sentence motions.[1]  Appellant challenges the sufficiency of the evidence and the trial court's failure to declare a mistrial after an allegedly prejudicial interruption during Appellant's counsel's closing argument.  We affirm.

On September 18, 2011, Appellant, then 23 years old, sexually assaulted his ten-year-old step-niece, H.K.  H.K. testified that she was

_____

[1] Appellant purports to appeal from the January 17, 2014 order denying his post-sentence motion.  "A direct appeal in a criminal proceeding lies from the judgment of sentence," not from the denial of post-sentence motions. *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 158 n.1 (Pa. Super. 2007).

watching television at her step-grandfather's house in Waynesboro, Franklin County, with Appellant. N.T. Trial, 8/5/13, at 11-20. While she and Appellant were alone, Appellant forced her to perform oral sex on him until he ejaculated. *Id.* Appellant hurt H.K.'s neck in the process. *Id.* Appellant also had her touch his penis, and tried to touch H.K.'s chest and vaginal area. *Id.* Appellant threatened H.K. not to tell anyone. *Id.* Nonetheless, H.K. told her biological mother, C.M. and a forensic interviewer. *Id.* at 55-57, 80-82; Commonwealth's Exhibit 10. Testifying in his own defense, Appellant denied committing any of the crimes, and speculated that H.K. may have been prompted to fabricate the allegations. *Id.* at 130-33, 140-42. During Appellant's counsel's closing argument, the following interruption occurred while she was arguing to the jury that H.K. was not credible:

> COURT CRIER: Excuse me, Your Honor. You have two witnesses out here.
>
> [DEFENSE COUNSEL]: Ok. I contacted the Kennedys[2] and let them know they didn't need to be here and Miss [K.] didn't return my call so I wasn't able to notify her that they weren't needed.
>
> COURT CRIER: Your Honor, they are asking if they can come into court.
>
> [DEFENSE COUNSEL]: I have no objection to that.
>
> COURT CRIER: Thank you, Your Honor.

N.T. Closing Arguments, 8/8/13, at 5.

---

[2] The witnesses mentioned by defense counsel have a different surname than the minor victim.

The jury convicted Appellant of involuntary deviate sexual intercourse with a child, indecent assault of a child, corruption of minors, and simple assault of a child.[3]  On November 6, 2013, the trial court sentenced Appellant to an aggregate of 11 to 34 years in prison.  Appellant filed a post-sentence motion, which the trial court denied in relevant part.[4]  This appeal followed.

Appellant raises two issues for our review:

I.      Whether the trial court erred in denying [Appellant's] motion for judgment of acquittal, based on [Appellant's] assertion that the verdict was against the weight of the evidence, and that the Commonwealth failed to present sufficient evidence to support [his] convictions.

II.     Whether the trial court abused its discretion in denying [Appellant's] motion for new trial, based on [Appellant's] assertion of prejudice when court staff interrupted defense counsel's closing argument.

Appellant's Brief, at 5.

In his first issue, Appellant purports to challenge the weight and the sufficiency of the evidence supporting his convictions.  Weight and

---

[3] 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 6301(a), and 2701(a)(1) and (b)(2), respectively.

[4] The trial court granted Appellant's unopposed request to eliminate a typographical error from his sex-offender registration notification form, to reflect that he was not found to be a sexually violent predator.

sufficiency, however, are distinct claims.[5]    ***See Commonwealth v.***

***Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (discussing the differences).

Regarding the sufficiency of the evidence,

A challenge to the sufficiency of the evidence is a question of law, subject to plenary review.  When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner.  Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty.  Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Levy***, 83 A.3d 457, 461 (Pa. Super. 2013) (quotation

omitted).

Preliminarily, we note that we could find Appellant's sufficiency

challenge waived because of the overly general, non-specific nature of his

Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Here, Appellant was convicted of six different offenses, but failed to

enumerate for which offenses, or elements thereof, the evidence was

insufficient.  Rather, his concise statement states:

_____

[5] Appellant did not challenge the weight of the evidence in the trial court. Therefore, that issue is not preserved for review.  Pa.R.Crim.P. 607(A); Pa.R.A.P. 302(a).

Whether the [trial c]ourt erred as a matter of law when it denied [Appellant's] Motion for Judgment of Acquittal?

Concise Statement, 1/31/14, ¶ 1.[6]  In his brief, Appellant similarly fails to narrow his challenge.

Generally, an appellant's failure to specify the elements of the crimes for which he challenges the sufficiency of the evidence waives appellate review.  **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009).  However, this is a relatively straightforward case.  **See Commonwealth v. Laboy**, 936 A.2d 1058, 1060 (Pa. 2007) (*per curiam*) (holding that this Court erred in finding a sufficiency challenged waived, because the case was, *inter alia*, straightforward).  The charges in this case required proof only of the victim's age and Appellant's illicit contact with her.  Appellant did not dispute the victim's age and presented the straightforward defense that he did not commit the offenses charged.

Turning to Appellant's sufficiency challenge, we find it meritless. Appellant claims that the evidence is insufficient because the victim was not credible, the victim's mother was not credible, and the Commonwealth failed to collect any evidence to corroborate the victim's story.  We agree with the Commonwealth that all of Appellant's arguments concern the credibility of witnesses.  "An argument that the finder of fact should have credited one

_____

[6] The Rules of Appellate Procedure required Appellant to attach his concise statement and the trial court's Rule 1925(a) opinion to his brief, but he has failed to do so.  **See** Pa.R.A.P. 2111(a)(11) and (b).

witness' testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence." ***Gibbs***, 981 A.2d at 281-82. Here, the ten-year-old victim testified that Appellant hurt her neck, forced her to perform oral sex, and touched her vaginal area and chest. The victim's testimony alone is sufficient evidence to convict. 18 Pa.C.S.A. § 3106. Therefore, we reject Appellant's argument.

In his second issue, Appellant argues that the trial court erred in failing to declare a mistrial after the court crier interrupted Appellant's counsel's closing argument with news that Appellant's other witnesses had arrived. This issue is not preserved.

> When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; **the motion shall be made when the event is disclosed**. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity.

Pa.R.Crim.P. 605(B) (emphasis added); ***Commonwealth v. Ables***, 590 A.2d 334, 340 (Pa. Super. 1991).

Here, Appellant raised the issue regarding the court crier's interruption for the first time in post-sentence motions. Appellant's counsel neither moved for a mistrial nor requested a cautionary instruction when the interruption occurred, or at any time thereafter. Rule 605(B) requires a defendant to move for a mistrial at the time of the allegedly prejudicial event. "Since appellant failed to move for a mistrial, he cannot now complain that the court erred in failing to grant a mistrial when no such

motion was made." **Ables**, 590 A.2d at 340. Having failed to preserve the claim in the trial court, Appellant is not entitled to appellate review.[7] **See** Pa.R.A.P. 302(a).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2014

---

[7] We could also find this claim waived for Appellant's failure to cite any authority supporting his argument. When an appellant cites no authority to support an argument, this Court is inclined to believe there is none. Pa.R.A.P. 2119(a); **Commonwealth v. McLaurin**, 45 A.3d 1131, 1139 (Pa. Super. 2012).