**COMMONWEALTH of Pennsylvania, Appellee**

v.

**W.H.M., JR., Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 2007.
Filed Aug. 22, 2007.

---

Michael J. Machen, Pittsburgh, for appellant.

Francesco L. Nepa, Assistant District Attorney, Pittsburgh and Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: TODD, DANIELS, and POPOVICH, JJ.

OPINION BY TODD, J.:

¶ 1 W.H.M., Jr. appeals the judgment of sentence entered June 9, 2006[1] by the Honorable Dominick Motto of the Lawrence County Court of Common Pleas following his conviction by a jury of rape by forcible compulsion,[2] rape of a person less than 13 years old,[3] statutory sexual assault,[4] aggravated indecent assault,[5] in-

cest,[6] indecent assault[7] and corruption of minors.[8] Appellant also challenges the trial court's determination that he is a sexually violent predator ("SVP") pursuant to Megan's Law II.[9] Upon review, we affirm.

¶ 2 The relevant facts and procedural history of this matter are as follows. Appellant was charged with the aforementioned offenses[10] after his daughter reported to authorities that, between June 1995 and February 2000, beginning when she was nine-years-old, and continuing until she was thirteen-years-old, Appellant had sexually molested her on numerous occasions and in various ways.

¶ 3 Appellant proceeded to a jury trial, represented by Norman Levine, Esquire, at which Judge Motto presided. At trial, the victim testified against Appellant in great detail. Specifically, she testified that Appellant frequently compelled her to have sexual intercourse with him, sometimes while he handcuffed her to the bed, and would force her to perform oral sex. She further testified that Appellant instructed her not to tell anyone. She described that Appellant would often touch various parts of her body under her clothing when no other family members were around and would penetrate her vagina and touch her breasts with his fingers.

---

1. Appellant purports to appeal the October 13, 2006 order denying his post-sentence motions. An appeal from an order denying a post-trial motion is procedurally improper because a direct appeal in a criminal proceeding lies from the judgment of sentence. *See Commonwealth v. Schauffler*, 397 Pa.Super. 310, 313, 580 A.2d 314, 316 (1990). The appeal in this case falls within no recognized exception to the general rule. *See id.* Therefore, this appeal properly lies from the judgment of sentence and not from any post-trial order. Accordingly, we have corrected the caption.

2. 18 Pa.C.S.A. § 3121(a)(1).

3. 18 Pa.C.S.A. § 3121(a)(6).

4. 18 Pa.C.S.A. § 3122.1.

5. 18 Pa.C.S.A. § 3125(a)(8).

6. 18 Pa.C.S.A. § 4302.

7. 18 Pa.C.S.A. § 3126(a)(8).

8. 18 Pa.C.S.A. § 6301(a).

9. 42 Pa.C.S.A. §§ 9795.1–9799.7.

10. Appellant also was charged with two counts of involuntary deviate sexual intercourse, but was found not guilty of these counts.

She also testified that although she told her brothers and a friend, A.J.D., that Appellant was forcing her to have sexual relations with him, she did not report Appellant's actions to any adults because she was fearful that her family would split up as a result. In addition to the victim's testimony, the Commonwealth presented the testimony of several witnesses, including the victim's two brothers (Appellant's sons) and A.J.D., in support of its case against Appellant.

¶ 4 Appellant was convicted of the above charges on May 20, 2005, and on May 25, 2005, the trial court ordered that an SVP assessment be conducted by the Sexual Offenders Assessment Board pursuant to Megan's Law. Shortly thereafter, Appellant's trial counsel passed away. Represented by new counsel, Joseph J. Kearney, Esquire, Appellant's SVP hearing was conducted on April 4–5, and May 8, 2006. On June 6, 2006, the trial court determined that Appellant is an SVP, and, on June 9, 2006, sentenced him to an aggregate term of 8½ to 17 years in prison plus a consecutive sentence of 5 years probation. Following the denial of his post-sentence motions, Appellant timely appealed to this Court, presenting the following questions for our consideration:

1. Was the evidence produced at trial sufficient to convict the Appellant of all the offenses charged against him?
2. Was the verdict of guilty contrary to the weight of the evidence?
3. Was trial counsel ineffective in its representation of the Appellant at trial?
4. Was the sentence imposed by the trial court upon the Appellant excessive?
5. Did the trial court err in finding that the Appellant was [an SVP]?

(Appellant's Brief at 5.)

¶ 5 Appellant first argues, rather generally, that the "events which the victim testified about could not possibly have happened the way she testified" because "[c]learly, the victim said that at times when her father was having sexual contact with her, the victim's mother was home." (Appellant's Brief at 11.) He adds that because the victim's mother testified that there was usually someone at home during the occasions about which the victim testified that her father forced her to have sexual relations, the victim's testimony is, therefore, not credible. (*Id.*) On this basis, he challenges the sufficiency of the evidence against him.

¶ 6 When considering whether the evidence adduced at trial is sufficient to sustain a conviction, we employ the following standard of review:

When reviewing a sufficiency of the evidence claim, an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 549 Pa. 352, 366, 701 A.2d 492, 499 (1997). Furthermore, "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa.Super.1997).

¶ 7 A person is guilty of rape if he "engages in sexual intercourse with a complainant ... [b]y forcible compulsion." 18 Pa.C.S.A. § 3121(a)(1).

¶ 8 A person is guilty of rape of a person less than 13 years of age if he engages in sexual intercourse with a complainant who is less than 13 years of age. 18 Pa.C.S.A. § 3121(a)(6) (repealed 2002, now 18 Pa. C.S.A. § 3121(c).)

¶ 9 A person is guilty of statutory sexual assault if he engages in sexual intercourse with a complainant under the age of 16 years, is four or more years older than the complainant, and is not married to the complainant. 18 Pa.C.S.A. § 3122.1.

¶ 10 A person is guilty of aggravated indecent assault if he "engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" if the person "does so by forcible compulsion." 18 Pa.C.S.A. § 3125(2).

¶ 11 A person is guilty of incest if "that person knowingly … has sexual intercourse with an ancestor or descendant." 18 Pa.C.S.A. § 4302.

¶ 12 A person is guilty of indecent assault if the person "has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid … for the purpose of arousing sexual desire in the person or the complainant … by forcible compulsion." 18 Pa.C.S.A. § 3126(a)(2).

¶ 13 A person is guilty of corruption of minors if he is over the age of 18 and, by any act, "corrupts or tends to corrupt the morals of any minor less than 18 years of age." 18 Pa.C.S.A. § 6301(a)(1).

¶ 14 In his well-reasoned opinion written in support of his denial of Appellant's post-sentence motion challenging, *inter alia*, the sufficiency of the evidence to support his convictions, Judge Motto carefully reviewed the evidence presented at trial by the Commonwealth and concluded that it was more than sufficient to sustain Appellant's various convictions. (Trial Court Opinion, 10/13/06, at 3–5.) We agree.

¶ 15 The victim's testimony alone at trial clearly established each element of the charges against Appellant. She testified that, beginning when she was nine-years-old, Appellant would handcuff her to a bed in the family home against her will and have sexual intercourse with her. She stated that Appellant would force her to engage in various sexual acts with him, including oral sex, by physical restraint and would touch her sexually against her will. Appellant essentially argues that the trial court erred in crediting the victim's testimony over Appellant's version of events. However, such arguments go to the weight, not sufficiency, of the evidence. Following our careful review of the record, we reject Appellant's challenge to the sufficiency of the evidence to support his convictions.

¶ 16 Appellant next argues that the guilty verdicts against him were contrary to the weight of the evidence, again challenging the victim's credibility. (Appellant's Brief at 12–14.) Our Supreme Court has held that, in reviewing a weight of the evidence claim, the verdict may be reversed only if it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Simmons*, 541 Pa. 211, 229, 662 A.2d 621, 630 (1995).

¶ 17 In addressing and rejecting Appellant's claim, the trial court concluded that the verdicts against him were fully supported by the evidence. The court reasoned:

The court here concludes that a jury, after considering and weighing all the evidence, was free to accept the testimony of the victim and the Commonwealth's evidence, and conclude that the

victim was truthful, despite all of the facts that [Appellant] points to as reasons for not accepting her testimony. [Appellant] has shown no fact calling into question the victim's credibility that is so conclusive that the victim's testimony could not have been accepted by the jury as being nevertheless truthful. Thus, the credibility of the victim remained for the jury to evaluate.

(Trial Court Opinion, 10/13/06, at 7.) Upon careful review of the record, we find no basis to disturb the trial court's determination and we reject Appellant's challenge to the weight of the evidence.

¶ 18 Appellant next raises several ineffectiveness claims. Because Appellant was represented by new counsel on direct appeal, and the trial court conducted a full evidentiary hearing regarding Appellant's ineffectiveness claims, the trial court determined that under our decision in *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super.2003), Appellant was not required to wait until collateral review, pursuant to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), to raise claims of ineffectiveness. (Trial Court Opinion, 10/13/06, at 7.) We agree that *Grant* is not applicable and thus will review these claims.

¶ 19 To prevail on a claim alleging counsel's ineffectiveness, an appellant "must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness." *Commonwealth v. Wallace*, 555 Pa. 397, 407, 724 A.2d 916, 921 (1999). It is defendant's burden to prove all three prongs of this standard, and if it is clear that a defendant has failed to meet the prejudice prong, the claim may be dismissed on that basis alone. *Com-*

*monwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352, 357 (1995).

¶ 20 Appellant first argues that his trial counsel was ineffective in failing to present evidence that would have impeached the credibility of prosecution eyewitness M.M., the victim's brother. (Appellant's Brief at 15.) Specifically, Appellant argues that his counsel should have offered into evidence the testimony of the principal from M.M.'s school regarding an excuse note that M.M. admitted to having forged by signing his stepmother's name. (*Id.* at 16, 661 A.2d 352.) In concluding that Appellant's claim was without merit, the trial court reasoned:

[Pennsylvania Rule of Evidence] 608(b)(1) specifically provides that character of a witness for truthfulness may not be attacked or supported by cross examination or extrinsic evidence concerning specific instances of witnesses' conduct. In this respect, Pa.R.E. 608(b)(1) differs from its federal counterpart F.R.E. 608(b) which gives the court discretion to commit cross examination about specific instances of conduct which may be probative of the witness's own character for truthfulness. Pa.R.E.[608](b)(1) follows existing Pennsylvania case law. The comment to Pa. R.E.608 notes that this rule follows existing Pennsylvania case law as set forth in *Commonwealth v. Taylor*, 475 Pa. 564, 381 A.2d 418 (1997); *Commonwealth v. Cragle*, 281 Pa.Super. 434, 422 A.2d 547 (1980). Since the evidence that [Appellant] argues that his trial counsel should have presented was inadmissible, [Appellant's] underlying claim does not possess substantive legal merit; thus, trial counsel cannot be held to have been ineffective for failing to present such evidence.

(Trial Court Opinion, 10/13/06, at 10.) We agree and find the trial judge's careful

analysis of this claim to be persuasive. Accordingly, we reject Appellant's claim.

¶ 21 Appellant next argues that his trial counsel was ineffective for not calling T.W. and A.L. as witnesses. He argues that T.W. would have testified that he had an affair with Appellant's wife, E.M, which would have clarified in the jury's minds the reason for the breakup of Appellant's marriage and that, "[w]ithout this testimony, the jury would be free to conclude that it was Appellant's misconduct with the victim that led to the breakup of the marriage." (Appellant's Brief at 18.) With regard to his trial counsel's failure to offer the testimony of A.L., Appellant argues that A.L. would have testified that Appellant would frequently work on Sundays, which was the day of the week on which the victim alleged that most of her sexual abuse had occurred. (*Id.* at 19, 661 A.2d 352.)

¶ 22 The trial court determined, and we agree, that trial counsel was not ineffective in failing to call T.W. because "[T.W.]'s affair with [Appellant's] wife was a collateral matter relative to the issue of whether [Appellant] engaged in sex with his daughter" as Appellant's wife was not presented as an eyewitness and nothing about the alleged relationship between T.W. and Appellant's wife could have affected the credibility of the victim. (Trial Court Opinion, 10/13/06, at 11.) Thus, Appellant was not prejudiced by the absence of the proposed testimony.

¶ 23 With regard to the absence of A.L.'s testimony at trial, the trial court likewise determined that Appellant was not prejudiced by its absence because A.L. could not have placed Appellant at work on a specific Sunday when any alleged sexual encounter between the victim and Appellant occurred. (*Id.*) Thus, because A.L.'s testimony would have been too general to be of any value, Appellant was not prejudiced by its omission and his counsel was,

therefore, not ineffective. (*Id.*) Following our review of the record, we find no basis to disturb the determination of the trial court in this regard.

¶ 24 Appellant next argues that his trial counsel was ineffective in failing to present the testimony of G.G. at trial. G.G., who was an inmate in the Lawrence County jail when Appellant was there, testified at Appellant's post-sentence motion hearing that he was the victim's boyfriend when she was 13 or 14-years-old and that the victim had told him that she had a sexual relationship with her brother, W.M., around that time. Appellant argues that his counsel was ineffective in failing to present this testimony at trial because the testimony would have demonstrated that the victim, whom he alleged was intimately involved with W.M., had a bias against Appellant, and a motive to seek revenge against him because Appellant had forced W.M. to return to military service after he had gone AWOL, thereby leaving the victim. (Appellant's Brief at 20–21.)

¶ 25 In rejecting Appellant's unsubstantiated claims, the trial court accurately noted in its opinion that there was no evidence presented at trial of an ongoing voluntary sexual relationship between the victim and her brother that the victim wanted to continue. (Trial Court Opinion, 10/13/06, at 13.) As the court points out, evidence was presented at trial that the victim was angry with W.M. for having taken advantage of her sexually and that, if anything, "the inference is that the victim would want to see [W.M.] taken away from her presence so that he could not take advantage of her." (*Id.*) Thus, because G.G.'s testimony would not have been of any value, Appellant was not prejudiced by its omission and his counsel was, therefore, not ineffective on this basis.

¶ 26 Appellant next argues briefly that the sentence imposed by the trial court was excessive in that "there was no reason for the trial court to exceed the recommendation of the Commonwealth with reference to the charge of incest." (Appellant's Brief at 23.) He adds only that his sentence should be modified so that sentence imposed on the incest conviction should run concurrent with, and not consecutive to, his other sentences. (*Id.*)

¶ 27 Preliminarily, we note that sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion. *Commonwealth v. Ritchey,* 779 A.2d 1183, 1185 (Pa.Super.2001). Where an appellant challenges the discretionary aspects of a sentence, as in the instant case, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal. *Id.* Before a challenge to a judgment of sentence will be heard on the merits, an appellant first must set forth in his or her brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his or her sentence. *Id.* Although Appellant has failed to comply with this requirement, the Commonwealth has not objected. Accordingly, we will proceed to consider Appellant's claim further. *See Commonwealth v. Krum,* 367 Pa.Super. 511, 519, 533 A.2d 134, 138 (1987) (noting that this Court may overlook the failure to comply with Rule 2119(f) where the Commonwealth makes no objection).

¶ 28 In addition, an appellant must show that there is a substantial question as to whether the imposed sentence was inappropriate under the Sentencing Code. *See id.;* 42 Pa.C.S.A. § 9781(b). Whether an issue raises a substantial question is a determination that must be made on a case-by-case basis; however, in order to establish a substantial question, the appellant generally must establish that the sentencing court's actions either were inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. *Ritchey,* 779 A.2d at 1185. Absent a finding that the court manifestly abused its discretion, this Court will not substitute its judgment for that of the trial court. *See Commonwealth v. Hoag,* 445 Pa.Super. 455, 458, 665 A.2d 1212, 1213–14 (1995).

¶ 29 With regard to Appellant's claim that his sentence for the incest conviction was excessive because it exceeded the recommendation of the Commonwealth, we find that such a claim fails to raise a substantial question. Previously, this Court held that where a sentence is within the statutory limits, as is undisputed here, a claim that the sentence was excessive did not raise a substantial question as to whether the sentence was inappropriate. *See, e.g., Commonwealth v. Brown,* 741 A.2d 726, 735 (Pa.Super.1999) (*en banc* ). In *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002), however, our Supreme Court held:

If an appellant … complies with all statutory and procedural requirements regarding a challenge to the discretionary aspects of sentencing, and articulates in his Rule 2119(f) statement a substantial question so as to warrant appellate review, § 9781 requires the Superior Court to review the manner in which the trial court exercised its discretion. This does not mean, however, that the Superior Court must accept bald allegations of excessiveness. Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing

Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Id.* at 435, 812 A.2d at 627; *see also Commonwealth v. McNabb*, 819 A.2d 54 (Pa.Super.2003) (citing *Mouzon, supra*). We find that Appellant's bald claims of excessiveness herein are insufficient to raise a substantial question and, pursuant to *Mouzon*, decline to grant review.

■ ¶ 30 With regard to Appellant's claim that his incest sentence should have been concurrent to his other sentences, it is well settled that "in imposing sentence, a trial judge has the discretion to determine whether, given the facts of a particular case, a given sentence should be consecutive to, or concurrent with, other sentences being imposed." *Commonwealth v. Rickabaugh*, 706 A.2d 826, 847 (Pa.Super.1997). For this reason, such a challenge "does not present a substantial question regarding the discretionary aspects of sentence." *Hoag*, 445 Pa.Super. at 459, 665 A.2d at 1214. Therefore, we deny Appellant allowance of appeal from the discretionary aspects of his sentence on this claim as well.

■ ¶ 31 Finally, Appellant challenges the trial court's determination that he is an SVP under Megan's Law II. (Appellant's Brief at 24.) In support of his claim, he presents various arguments that we find, as did the trial court, are devoid of merit:

1) that because Appellant did not have multiple victims and did not use unnecessary means, threats, or unusual cruelty in perpetrating his acts on the victim, the Commonwealth failed to prove the existence of a mental abnormality or personality disorder that makes him likely to engage in future predatory sexual behavior;

2) that the trial court failed to consider that the victim reported that Appellant did not inflict pain upon her;

3) that Appellant's age suggested a decreased likelihood of reoffense; and

4) that because Appellant's mental abnormality, pedophilia limited to incest, involved only his daughter when she was prepubescent, Appellant's risk of reoffense was low.

(*Id.* at 24–26.)

¶ 32 Our standard of review, as with any sufficiency claim, is as follows:

[W]e view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status "only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied." [*Commonwealth v. Krouse*, 799 A.2d 835,] 838 [ (Pa.Super.2002) (*en banc* )]; *see also [Commonwealth v.] Maldonado*, [576 Pa. 101, 110], 838 A.2d [710,] 715 [(2003)] (defining clear and convincing evidence standard for purposes of Megan's Law as evidence " 'so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue' ") (citation omitted).

*Dengler*, 843 A.2d 1241, 1246 (Pa.Super.2004).

¶ 33 Megan's Law II itself provides the factors that the expert is to consider, including the offender's prior offense history, his mental and behavioral characteristics, and "criteria reasonably related to the risk of reoffense." 42 Pa.C.S.A. § 9795.4(b)(4); *see Commonwealth v. Mal-*

*donado,* 576 Pa. at 105, 838 A.2d at 712 (state assessor must determine whether person satisfies criteria for SVP "based upon various statutorily-prescribed, risk-related criteria and guidelines, as well as any other generally-applicable standards established by the [Sexual Offenders Assessment] Board"). In *Commonwealth v. Bey,* 841 A.2d 562 (Pa.Super.2004), this Court held that an inquiry into a sexual offender's likelihood of reoffense requires expert testimony because mental defects or personality disorders, which are predictors of future dangerousness, "are discoverable and identifiable only by scientific methodology." *Id.* at 566. We noted that "the Sexual [Offenders] Assessment Board is, by statute . . . comprised of 'psychiatrists, psychologists and criminal justice experts, each of whom is an expert in the field of the behavior and treatment of sexual offenders,' 42 Pa.C.S.A. § 9799.3, and thus qualified to conduct that aspect of the discovery process." *Id.*

¶ 34 Megan's Law II defines an SVP as: "A person who has been convicted of a sexually violent offense as set forth in section 9795.1 (relating to registration) and who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." 42 Pa. C.S.A. § 9792. A mental abnormality is "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id.* Further, predatory behavior is defined as "[a]n act directed . . . at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or

support victimization." *Id.* The determination of a defendant's SVP status may only be made after an assessment and hearing before the sentencing court.

¶ 35 In the present case, the Commonwealth offered the testimony of Herbert E. Hayes, M.A., a member of the Sexual Offenders Assessment Board. Hayes testified that, in his expert opinion, Appellant suffers from a mental abnormality—pedophilia—and demonstrated predatory behavior in his sexual relationship with the victim. (N.T. SVP Assessment Hearing, 4/4/06, at 11–12.) Hayes further testified that, based on his evaluation of the presence of any of the factors set forth in the Megan's Law statute, because Appellant met the criteria to be classified as a pedophile, and had exhibited ongoing predatory behavior toward the victim, Appellant was, therefore, "a menace to the health and safety of other persons" based on determinations previously made by the Board. (*Id.* at 47.)

¶ 36 The trial court, in concluding that the Commonwealth proved by clear and convincing evidence that Appellant is an SVP, reasoned:

The Court considered Mr. Hayes' testimony as to the information that he used to conduct the assessment and all the criteria and factors that he relied upon in making his determination. [Of] particular significance was the predatory action of [Appellant] in that he used handcuffs and ligatures to restrain the victim to the bed in order to have sexual intercourse with her. Also of significance is the finding of Mr. Hayes that [Appellant] met the criteria for pedophile due to the fact that [Appellant] developed a sexual relationship with his daughter who was under thirteen years of age at the time and continued the sexual relationship for approximately four years. Mr. Hayes gave clear testimony that [Appellant] met the criteria

for the mental abnormality pedophilia and that this abnormality resulted in the sexual abuse of his natural daughter. Also, [Appellant] used a certain amount of premeditation and preparation in sexually abusing [his] daughter by using the handcuffs and ligatures to restrain her. [Appellant] presented no evidence that, in the view of the Court, was sufficient to call into question the expert testimony offered by the Commonwealth.

(Trial Court Opinion, 10/13/06, at 18–19.)

¶ 37 Upon careful review, we conclude, based on the record, that ample evidence was presented by the Commonwealth to support the sentencing court's determination that Appellant is an SVP. We further find that the fact that Appellant sexually abused only one child, his daughter, during the four-year period in question does not undermine the trial court's determination, particularly in light of the predatory nature of Appellant's behavior and the numerous acts, over a period of years, perpetrated upon the victim against her will. *See Commonwealth v. Snyder,* 870 A.2d 336, 348 (Pa.Super.2005) (evidence was sufficient to support an SVP determination where appellant, the live-in paramour of his sole victim's mother, functioned in parental role toward victim and sexually assaulted her over period of years). Accordingly, we find the Commonwealth has clearly and convincingly established that Appellant has a mental abnormality which makes him likely to engage in predatory sexually violent offenses, as the statute requires. *See* 42 Pa.C.S.A. § 9792.

¶ 38 For the foregoing reasons, we affirm Appellant's judgment of sentence.

¶ 39 Judgment of sentence **AFFIRMED.**