J-S28007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JIHAD RAGUEEB BASHIR, | |
| Appellant | No. 1313 MDA 2014 |

Appeal from the Judgment of Sentence May 1, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR0007373-2012

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 04, 2015**

Jihad Ragueeb Bashir appeals from the judgment of sentence[1] of twenty to forty years imprisonment, which the trial court imposed after a jury found Appellant guilty of attempted murder and aggravated assault. We affirm.

---

[1] The Commonwealth suggests that Appellant has improperly characterized the present appeal as an appeal from the judgment of sentence.  It maintains that Appellant's "appeal is actually taken from the order denying post sentence motions.[.]"  Commonwealth's brief at 2.  However, "An appeal from an order denying a post-trial motion is procedurally improper because a direct appeal in a criminal proceeding lies from the judgment of sentence." *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 158 n.1 (Pa.Super. 2007).  The filing of a post-trial motion postpones the time within which the defendant must appeal. *See* Pa.R.Crim.P. 720. Nevertheless, the direct appeal in a criminal matter is taken from imposition of the judgment of sentence.

Appellant's convictions arose from the September 6, 2011 shooting of Antoine Breeland, Sr., who testified as follows. On the night in question, Mr. Breeland and his aunt were smoking cigarettes outside the home of Mr. Breeland's mother on 207 Jefferson Avenue, York. The victim's aunt entered the house to use the bathroom, and Mr. Breeland remained outside. Mr. Breeland looked to the right, to the left, and again to the right. When he turned back to look left, Mr. Breeland saw "a guy standing in front of [him]." N.T.Trial, 1/13-17/14, at 214.

At that time, the victim's vision was not impaired, and the man was ten feet away. *Id*. 215. Mr. Breeland recognized the person and identified him at trial as Appellant. *Id*. Appellant asked Mr. Breeland where Mr. Breeland's nephew "Blizz" was located. *Id*. at 216. Appellant then "started fumbling around, . . . pulled out a gun," and shot Mr. Breeland in the face with a .357 Magnum. *Id*. After shooting the victim a single time, Appellant ran away. *Id*. at 222.

Mr. Breeland explained that he recognized Appellant because Appellant's mother had introduced Appellant to Mr. Breeland. The victim also saw Appellant two weeks prior to the incident seated in a car. At that time, Mr. Breeland overheard Appellant telling someone that his name was Jihad. *Id*. at 221. Mr. Breeland testified that he did not initially remember who shot him, but when his memory returned in November, he called his

mother and told her that Jihad, who was Tanoue's son, had committed the crime.

Eartha, Mr. Breeland's mother, confirmed that, in November 2011, while the victim was still hospitalized, he called her on the telephone and said, "[I] remember now, I know who shot me, and he said Jihad. He said big Tanoue's son." *Id*. at 324. Mrs. Breeland did not know Jihad but was acquainted with his mother, whose first name was Tanoue. Mr. Breeland's brother Michael also testified that, in November 2011, Mr. Breeland's memory of the events of the shooting returned. *Id*. at 386. The victim also told Michael that Jihad, Tanoue's son, was his assailant. *Id*. at 391-92.

York Detective Travis Sowers testified that he was the lead detective in the investigation into the shooting. After Mr. Breeland returned to his mother's home from the hospital and rehabilitation, Detective Sowers visited him. Detective Sowers testified, "I asked him who shot him. He advised me Jihad. The next thing I asked, Jihad Bashir? And he said, yes, the one who lives on South Street." *Id*. at 398. Detective Sowers told the jury that Appellant lived with his mother, Tanoue Freeland, at 21 East South Street. *Id*. at 398-400. Five days after this first interview, Detective Sowers showed Mr. Breeland Appellant's picture, and "he hit the picture and said that's the guy who shot me right there, that's Tanoue's son[.]" *Id*. at 402.

Based upon this evidence, a jury convicted Appellant of attempted murder and aggravated assault graded as a first-degree felony.[2]  The matter proceeded to sentencing on May 1, 2014, where the court imposed a twenty to forty year term of imprisonment as to the attempted murder and no penalty on aggravated assault since that crime merged for sentencing purposes.  Appellant filed a post-sentence motion raising a weight-of-the-evidence challenge.  This appeal followed denial of that motion.  Appellant presents the following contention on appeal:

> Was the verdict so contrary to the weight of the evidence that the verdict shocks one's sense of justice where the victim gave a description of the shooter that never matched Appellant's appearance, where the victim testified that the shooter mistook the victim for his nephew whom was known by Appellant, where the victim gave numerous inconsistent statements, where the victim was diagnosed with dementia at the time of the identification, and where Appellant presented uncontradicted alibi witnesses at trial?

Appellant's brief at 5.  Initially, we observe that an allegation that a guilty verdict is against the weight of the evidence is

> addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [jury] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's

---

[2] We note that this trial was Appellant's second one; the first jury ended in a deadlock.

sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Tejada*, 107 A.3d 788, 795-96 (Pa.Super. 2015) (citation omitted).

We note the following. Even though the victim was shot in the face and suffered from cognitive deficiencies after the shooting, his testimony at trial was cogent. He remembered many details about the crime, including the time, the weather, what he was doing, precisely what he was wearing, and aspects of Appellant's attire. N.T. Trial, 1/13-17/14, at 210-24. Mr. Breeland also knew his age, where his aunt lived, where his mother lived, and his condition prior to the shooting. *Id*.

Two witnesses, Mr. Breeland's mother and brother, confirmed that the victim recalled who perpetrated the crime a couple of months after the shooting. Mr. Breeland thereafter identified Appellant as the shooter, and he knew the name of Appellant's mother and where they lived. The jury was free to accept Mr. Breeland's identification of Appellant as the shooter, even though Mr. Breeland made prior inconsistent statements. The jury likewise was free to reject the testimony of Appellant's alibi witnesses. As our Supreme Court has observed, "The finder of fact—here, the jury—exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence. Issues of witness credibility

include questions of inconsistent testimony[.]" ***Commonwealth v. Sanchez***, 36 A.3d 24, 39 (Pa. 2011) (citation omitted).

In light of these principles, we find that the trial court did not palpably abuse its discretion in rejecting Appellant's weight-of-the-evidence claim. The verdict does not shock one's sense of justice. Hence, we reject Appellant's argument on appeal.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/2015