J-S56013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JOSEPH BOWMAN, | |
| Appellant | No. 455 MDA 2015 |

Appeal from the Judgment of Sentence October 22, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000374-2014

BEFORE: SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 16, 2015**

Appellant, William Joseph Bowman, appeals from the judgment of sentence entered on October 22, 2014, following his conviction of one count of Failure to Comply with Registration of Sexual Offenders Requirements under 18 Pa.C.S. § 4915.1(a.1)(2). We affirm.

Appellant pled guilty and served a sentence of imprisonment on a charge of indecent assault. As a special condition, the trial court ordered Appellant to comply with the Lebanon County Adult Probation sexual offender conditions.[1] On November 5, 2013, prior to being released from

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] At trial, the parties stipulated that Appellant "was convicted of a specific offense that would require him to register under the Megan's law process." N.T., 11/11/14, at 40.

the Lebanon County Correctional Facility, a prison counselor assisted Appellant in completing the necessary paperwork for registration as a sexual offender. Appellant was classified as a transient offender due to his inability to provide a fixed address where he would be living upon release. As a transient offender, Appellant was required to verify his information every thirty days. 42 Pa.C.S. § 9799.15(h)(1).

On December 22, 2013, Appellant was brought into Lebanon County central booking on an unrelated matter. At that time, an employee at central booking noticed that Appellant had not updated his information as required and assisted him in doing so. Because Appellant was again unable to provide a fixed address, the employee reminded Appellant that he was still classified as a transient and would be required to update his information every thirty days.

Because Appellant failed to verify or update his information as required, a warrant was issued for his arrest on February 7, 2014. Arrest Warrant, 2/7/14. Appellant was arrested and charged with a single count of failure to register under 18 Pa.C.S. § 4915.1 (a.1)(2). Following a jury trial, Appellant was convicted and sentenced to incarceration at a State Correctional Institute for a minimum of twenty-one months and a maximum of four years, and to pay a fine and the costs of prosecution. Order, 10/22/14, at 1. Appellant filed a timely post-sentence motion which the trial

court denied on February 9, 2015. Appellant timely appealed.[2] Appellant timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. The trial court issued an order in lieu of an opinion entered April 8, 2015, explaining that it was relying on its February 9, 2015 opinion denying Appellant's post-sentence motion.

Appellant presents the following issues for our review:

I.    Did the Lower Court err in denying Appellant's Post-Sentence Motions because the Commonwealth failed to provide sufficient evidence that [Appellant] knowingly failed to appear at an approved facility for his monthly sex offender requirements verification?

II.   Did the Lower Court err in denying Appellant's Post-Sentence Motions because the jury's verdict of guilty was against the weight of the evidence presented at trial?

Appellant's Brief at 4.

Appellant first argues that the Commonwealth failed to present sufficient evidence at trial that Appellant 1) was a transient offender, or 2) had the requisite knowledge that he was failing to verify his information and be photographed. Appellant's Brief at 11. Appellant maintains that the

_____

[2]  In Appellant's notice of appeal, he purports to appeal from the sentencing order of October 22, 2014, and the order denying Appellant's post-sentence motion entered February 9, 2015. An order denying post-sentence motions finalizes the judgment of sentence for purposes of appeal. A direct appeal in a criminal proceeding lies from the judgment of sentence. *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 158 n.1 (Pa. Super. 2007). The caption properly reflects that the appeal was taken from the October 22, 2014, sentencing order.

Commonwealth provided no evidence indicating that Appellant did not have a fixed residence. *Id.* To the contrary, Appellant alleges, the district justice had Appellant's address on record. *Id.* Furthermore, Appellant asserts that he did not knowingly fail to comply with his reporting requirements. *Id.* Appellant argues that the verification deadlines are, in reality, not as rigid as alleged and Appellant attempted to verify his information by a date he thought was acceptable based on his experience with the registration process. *Id.*

Our standard for reviewing the sufficiency of evidence on appeal is as follows:

> When reviewing a sufficiency of the evidence claim, an appellate court must view all the evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth as verdict winner and must determine whether the evidence was such as to enable a fact finder to find that all of the elements of the offense were established beyond a reasonable doubt.
>
> Moreover, when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed. Lastly, the finder of fact may believe all, some or none of a witness's testimony.

*Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa. Super. 2008) (citations omitted). The offense of failure to comply with registration requirements, of which Appellant was convicted, provides as follows:

> **(a.1) Transients.**--An individual set forth in 42 Pa.C.S. § 9799.13 [identifying individuals required to register with the Pennsylvania State Police] who is a transient commits an offense if he knowingly fails to:

- 4 -

* * *

> (2) verify the information provided in 42 Pa.C.S. §§
> 9799.15 and 9799.16(b)(6) or be photographed as
> required under 42 Pa.C.S. § 9799.15 or 9799.25;

18 Pa.C.S. § 4915.1(a.1)(2). A "transient" is defined as "[a]n individual required to register under this subchapter who does not have a residence but nevertheless resides in this Commonwealth in a temporary habitat or other temporary place of abode or dwelling, including, but not limited to, a homeless shelter or park." 42 Pa.C.S. § 9799.12.

Here, despite Appellant's argument to the contrary, there was sufficient evidence of record establishing that Appellant was a transient offender. Commonwealth witness Tina Verna, a prison counselor at Lebanon County Correctional Facility, testified that she assisted Appellant with his registration paperwork related to his being a sexual offender on November 5, 2013. N.T., 11/11/14, at 4-5. Ms. Verna explained that, in reviewing and preparing the relevant documentation with Appellant, Appellant was unable to provide an actual address as to where he would be residing upon release. *Id.* at 6-7. The registration paperwork indicated that Appellant was considered a transient offender and was required to appear and verify his information monthly. *Id.* at 8. Appellant indicated that he understood the information and had no questions. *Id.* at 9. Appellant left the office with a copy of the paperwork. *Id.* Ms. Verna stated that she emphasized to

Appellant that he was considered a transient offender and was therefore required to verify his information every thirty days. *Id.* at 10.

Stephanie Bohr, Director for central booking at Lebanon County, was working on December 22, 2013, when Appellant was brought in on an unrelated matter. N.T., 11/11/14, at 11-12. While Appellant was there, Ms. Bohr determined that he was required to register as a sexual offender and that he was classified as a transient offender. *Id.* at 12. Because Appellant was due and had not yet completed his monthly verification, Ms. Bohr assisted Appellant with verifying his information. *Id.* at 12-13. Ms. Bohr explained the process of going through the necessary verification paperwork with Appellant, making sure that he understood the criteria. *Id.* at 14-15. Ms. Bohr asked Appellant if he had a permanent address and Appellant failed to provide one. *Id.* at 20. Ms. Bohr explained to Appellant that, because he did not have a fixed residential address, he would be considered a transient and would have to continue to verify his information monthly. *Id.* at 17. Appellant signed the verification on December 22, 2013, and did not ask any questions or indicate that he did not understand the information. *Id.* at 15, 17. Ms. Bohr also testified that between December 22, 2013, and February 7, 2014, when Appellant was arrested for failure to register, he had not returned to central booking to verify his information. *Id.* at 17.

Thus, reviewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence establishing that Appellant

was a transient offender. This classification was based on Appellant's statement that he did not have a fixed address and his failure to provide a fixed address on his registration paperwork on November 5, 2013. Furthermore, when Appellant verified his information on December 22, 2013, he was again unable to provide a fixed residential address. It was explained to Appellant that he was classified as a transient offender due to his failure to provide a permanent address, and was consequently required to verify his information monthly. Thus, the trial court did not abuse its discretion or err in concluding that there was sufficient evidence to establish that Appellant was a transient offender.

In an attempt to refute this evidence and conclusion, Appellant argues that he indeed had a fixed address of 17 South 10th Street in Lebanon, Pennsylvania. Appellant's Brief at 11. That address was where Officer Zatorski located Appellant when he was arrested on February 7, 2014. *Id.*

We cannot agree, however, that this fact contradicts Appellant's classification as a transient offender. As noted, on November 5, 2013, and December 22, 2013, Appellant failed to provide a fixed address. The fact that officers received this address from a magisterial district judge's office, which obtained this address as a result of Appellant being arrested on an unrelated incident, does not negate Appellant's status as a transient offender. The address at which Appellant was arrested on February 7, 2014, could have been a temporary address or simply a location that he regularly

frequented. Thus, we cannot agree with Appellant's claim that the record compels the conclusion that Appellant was not a transient offender.

Moreover, this same evidence is sufficient to establish that Appellant had the requisite knowledge that he was failing to verify his information as required. Appellant was advised consistently that he was required to verify information monthly as a result of his transient status. Interestingly, Appellant's testimony and unsuccessful attempt to establish that he was complying with that requirement reveals his understanding that he was required to register monthly.

Although not credibly, Appellant attempted to establish that he verified his information, as required, in January of 2014. N.T., 11/11/14, at 60. Appellant testified that upon verifying this information on January 13, 2014, he did not meet with an individual, but instead simply walked into the "old" State Police Jonestown barracks and "signed the paper" and left. *Id.* at 61. He was unable to provide the name of the officer who allegedly directed him to simply "[g]o sign it." *Id.* at 61-62. The State Police possessed no record of Appellant's verification of information on January 13, 2014, and Appellant failed to produce any such record. *Id.* at 65-66. Additionally and contrary to Appellant's testimony, Corporal Scott Brennan, who worked at the Jonestown Barracks and had worked there for seven and one-half years, testified that in January 2014, no one would have been working at the old

barracks building where Appellant claimed to have verified his information. *Id.* at 63.

Appellant also attempted to establish that he verified information on February 4, 2014, prior to his February 7, 2014 arrest. N.T., 9/11/14, at 47-49, 50-52. Appellant testified that he went to the "old State Police barracks" and met with an individual with the last name of Marshal. *Id.* at 50. Appellant was unable to definitively identify whether "Marshal" was a desk clerk or an officer. *Id.* at 50-51. He claimed that "Marshal" did not review any paperwork with him, but instead directed Appellant to simply sign "the paper." *Id.* at 51. Appellant asserted that he had no paperwork with him when he left the barracks on February 4, 2014, but also stated that he believed he had an affidavit that he had "Marshal" sign to confirm that Appellant had appeared to verify his information. *Id.* at 52-53. Despite asserting that he had this affidavit, Appellant failed to bring it to trial. *Id.* at 53.

The State Police possessed no record of Appellant's verification of information on February 4, 2014. N.T., 9/11/14, at 38. Further, Appellant's testimony was contradicted by Corporal Brennan's testimony that there was no individual by the name of Trooper Marshal at the Jonestown barracks, nor had there been over the course of the year prior to the trial. *Id.* at 65. Additionally, the "old" Jonestown barracks had not been staffed at the time Appellant alleged to have visited it. *Id.* at 63.

Thus, although Appellant failed to establish that he actually verified his information on these dates, had he registered on these dates he would have been in compliance with the monthly verification requirement. Accordingly, the evidence of record makes clear that Appellant understood the need to verify his information monthly, and attempted to establish, albeit unsuccessfully, his compliance. Moreover, Appellant testified that he recalled going over the paperwork on November 5, 2013, and on December 22, 2013, which set forth the requirement that he verify his information monthly. N.T., 9/11/14, at 45.

Viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court's conclusion that there was sufficient evidence to establish that Appellant had the requisite knowledge that he was failing to verify his information as required. Appellant's first claim fails.

In his second issue, Appellant argues that the jury's verdict was against the weight of the evidence in that "the jury placed too great a weight on the testimony of the Commonwealth's witnesses, and did not place enough weight on the testimony of [Appellant]." Appellant's Brief at 13. Appellant argues that Appellant's position did not change during his testimony, nor was it controverted. *Id.* Appellant claims that he should be granted a new trial because the jury's verdict of guilty was against the weight of the evidence. *Id.*

We review a weight of the evidence claim according to the following standard:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [jury] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [jury's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Tejada***, 107 A.3d 788, 795-796 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015).

In addressing this issue, the trial court provided the following analysis:

> The jury was free to weigh all of the testimony presented and to determine whether the Commonwealth had proven all of the elements of the offense with which [Appellant] had been charged. The jury alone weighs the testimony of all of the witnesses presented. "A verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." This Court finds that the verdict of the jury finding [Appellant] guilty on the sole count of Failure to Comply with Registration Requirements is not against the weight of the evidence. Therefore, [Appellant's] Motion for a New Trial based on weight of the evidence is denied.

Trial Court Opinion, 2/9/15, at 9 (internal citation omitted).

We agree. Here, the trial court did not abuse its discretion in concluding that the jury's verdict was not so contrary to the evidence as to shock one's sense of justice. Additionally, we note that despite Appellant's

claims, a review of the trial transcript reflects that Appellant's position and testimony waffled during trial and his testimony was contradicted by other witnesses. Accordingly, Appellant's second claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015