J-S78027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEDAR WRIGHT | : | |
| | : | |
| Appellant | : | No. 776 WDA 2017 |

Appeal from the Judgment of Sentence February 29, 2016
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003085-2014

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 27, 2018**

Appellant, Kedar Wright, appeals from the February 29, 2016 Judgment of Sentence following his conviction of 40 counts of Child Pornography and one count of Possession of Instruments of a Crime ("PIC").[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  We affirm.

On November 25, 2015, the court convicted Appellant of the aforementioned crimes following a bench trial.  On February 29, 2016, the court sentenced Appellant as follows:

> Cts. 1, 2, and 3: 1-5 years[' incarceration] at each count, imposed consecutively[.]

> Ct. 4: 6 to 24 months['] incarceration, imposed consecutively to counts 1, 2, and 3.

---

[1] 18 Pa.C.S. § 6312(d) and 18 Pa.C.S. § 907(a), respectively.

---

\*   Retired Senior Judge assigned to the Superior Court.

Cts. 5-40: 1 to 5 years[' incarceration] concurrent to each other and concurrent to cts 1, 2, and 3.

Ct. 41: 5 years['] probation.

Sentencing Order, 2/29/16.

On March 9, 2016, Appellant filed a Motion to Reconsider Sentencing in which he requested the court to resentence him so that "all counts are sentenced concurrently rather than any consecutive counts." Motion, 3/9/16, at 1. The court denied this Motion on Mach 11, 2016.

Appellant did not file a timely Notice of Appeal. However, on February 23, 2017, Appellant filed a *pro se* Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. In his Petition, Appellant requested, *inter alia*, that the court reinstate his direct appeal rights. On February 28, 2017, the court appointed new counsel to represent Appellant and on March 29, 2017, counsel filed a Supplement to Appellant's *pro se* PCRA Petition.

Following an evidentiary hearing, on May 5, 2017, the court granted Appellant's PCRA Petition and reinstated Appellant's direct appeal rights. On May 30, 2017, Appellant filed a timely Notice of Appeal *Nunc Pro Tunc*. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

---

[2] In his Rule 1925(b) Statement, Appellant claimed that "[t]he sentencing [c]ourt committed legal error and abused its discretion in failing to grant [Appellant's] [P]ost-[S]entence [M]otion in the nature of a Motion to Reconsider Sentence seeking the modification of the sentencing scheme from consecutive sentences to concurrent sentences." Pa.R.A.P. 1925(b) Statement, 7/6/17.

Appellant presents the following issue on appeal:

Whether the sentencing [c]ourt committed legal error and abused its discretion in failing to grant [Appellant's] [P]ost-[S]entence [M]otion in the nature of a Motion to Reconsider Sentence seeking the modification of the sentencing scheme from consecutive sentences to concurrent sentences?

Appellant's Brief at 2.

Appellant's challenge to the imposition of consecutive, rather than concurrent, sentences is a challenge to the court's sentencing discretion. "Where an appellant challenges the discretionary aspects of a sentence . . . there is no automatic right to appeal, and appellant's appeal should be considered a petition for allowance of appeal." *Commonwealth v. W.H.M., Jr.,* 932 A.2d 155, 163 (Pa. Super. 2007).

To reach the merits of a discretionary issue, this Court must determine whether: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011) (citation and footnotes omitted).

In the instant case, Appellant filed a timely Notice of Appeal, and a Post-Sentence Motion. In his Post-Sentence Motion, he challenged only the court's discretion with respect to imposing consecutive rather than

concurrent sentences. He, thus, preserved that specific issue below, thereby satisfying the first two requirements of the four-part test.

With respect to the third requirement, the inclusion of a Rule 2119(f) Statement in the Brief, we note that Appellant has included a separate Pa.R.A.P. 2119(f) Statement in which he alleges that the sentencing court violated the fundamental norms underlying the sentencing process when it "failed to afford due weight and consideration to mitigating factors presented by [A]ppellant" and "failed to proffer a legally sufficient statement on the record in support of the imposition of a consecutive sentence." Appellant's Brief at 4. Although Appellant asserts for the first time in this Statement two new issues in support of his discretionary aspects of sentencing claim, *i.e.* mitigating factors and the trial court's alleged failure to provide reasons in support of its sentencing decision, by including a Rule 2119(f) Statement in his Brief, Appellant has arguably satisfied the barest requirement of the third part of the four-part test. We are, thus, left, with considering the fourth requirement—whether Appellant has raised a substantial question.

In his Brief, Appellant presents a two-paragraph argument that the sentencing court failed to consider mitigating factors when sentencing him and failed to articulate its reasons for imposition of its sentence. Although there are some circumstances in which we would consider an allegation that the sentencing court failed to set forth adequately the reasons for the

sentence imposed as raising a substantial question,[3, 4] because Appellant has raised this argument for the first time on appeal, we find it waived. **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). **See also Commonwealth v. Griffin**, 65 A.3d 932 (Pa. Super. 2013) (discussing preservation of discretionary aspects of sentencing claims).

To the extent that Appellant purported to challenge the sentencing court's imposition of consecutive, rather than concurrent, sentences, Appellant abandoned this challenge in his Brief. In any event, it is well-settled that a bare challenge of this kind does not raise a substantial question. **See Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014) ("A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence."). **See also Moury**, 992 A.2d at 171-72 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme

---

[3] Generally, claims that the sentencing court did not adequately consider mitigating factors does not raise a substantial question. **See**, **e.g**, **Commonwealth v. Moury**, 992 A.2d 162, 175 (Pa. Super. 2010) ("court['s] refus[al] to weigh the proposed mitigating factors as [a]ppellant wished, absent more, does not raise a substantial question.").

[4] **See**, **e.g.**, **Commonwealth v. Macias**, 968 A.2d 773, 776 (Pa. Super. 2009) ("The failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question.") (citation omitted).

circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2018