J-S74028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :          PENNSYLVANIA
   :
v.   :
   :
   :
   :
JESUS M. FONSECA   :
   :
Appellant   :   No. 1818 EDA 2019

Appeal from the Judgment of Sentence Entered November 30, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002250-2018,
CP-48-CR-0002252-2018, CP-48-CR-0002268-2018,
CP-48-CR-0002269-2018, CP-48-CR-0002274-2018,
CP-48-CR-0002275-2018, CP-48-CR-0002308-2018,
CP-48-CR-0002309-2018

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY MURRAY, J.:         **Filed: February 7, 2020**


Jesus M. Fonseca (Appellant) appeals from the judgment of sentence imposed after he pled guilty to seven counts of retail theft and one count of theft by deception.[1]  We are constrained to quash the appeal.

On September 27, 2018, Fonseca pled guilty, at eight separate trial court dockets, to the above charges, which arose out of his theft of goods from various retail stores.  On November 30, 2018, the trial court imposed an aggregate sentence of 3 to 10 years in prison on the eight dockets.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3929(a)(1), 3922(a)(1).

Following a procedural history that is not relevant to this appeal, Appellant's counsel filed a motion for reconsideration of sentence on March 29, 2019, which the trial court denied. Appellant then timely filed eight separate photocopies of the same notice of appeal,[2] one at each underlying docket number. Each notice of appeal listed *all eight* docket numbers.[3] Appellant then filed eight separate Pennsylvania Rule of Appellate Procedure 1925(b) concise statements of errors complained of on appeal.[4]

On June 1, 2018, the Pennsylvania Supreme Court, in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), announced a prospective rule that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." **Id.** at 977; **see also** Pa.R.A.P. 341(a), Official Note (mandating that "[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, *separate notices of appeal must be filed.*" (emphasis added)). The failure to file separate appeals under these circumstances "requires the appellate court to quash the appeal." **Walker**, 185 A.3d at 977.

---

[2] Appellant purports to appeal from the June 13, 2019 Order denying his motion for reconsideration of sentence. However, "[a]n appeal from an order denying a post-trial motion is procedurally improper because a direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. W.H.M.**, 932 A.2d 155, 158 n.1 (Pa. Super. 2007).

[3] This Court did not issue a rule to show cause upon Appellant concerning the propriety of his notices of appeal, which we address below.

[4] Appellant challenges the voluntariness of his guilty pleas and the ineffectiveness of his plea counsel.

In **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), this Court interpreted **Walker** "as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead a notice of appeal may contain only one docket." **Id.** at 1144. Accordingly, because each of Appellant's notices of appeal in the instant case, which he filed after **Walker** and **Creese**, contain eight separate docket numbers, we are compelled to quash the appeal. **See id.**

Appeal quashed. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/20