J-A07033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SARAH L QUINONES | : | |
| | : | |
| Appellant | : | No. 755 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 23, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002260-2016

BEFORE: STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: APRIL 24, 2024**

Appellant, Sarah L. Quinones, appeals from the judgment of sentence entered on April 24, 2023, in the Schuylkill County Court of Common Pleas. We affirm.

The relevant facts and procedural history are as follows:

> On September 26, 2018, the Honorable William Baldwin, former President Judge of the Schuylkill County Court of Common Pleas, now retired, accepted Appellant's guilty plea to Count 2, Driving Under the Influence of Drugs, in the case *Commonwealth v. Quinones*, CR-2260-2016 (Schuylkill County). Judge Baldwin sentenced Appellant to 30 days confinement in the Schuylkill County Prison followed by 4 years, 11 months Intermediate Punishment with the first 90 days to be served on house arrest with electronic surveillance, plus related costs and fines. The sentence was effective October 5, 2018. The Order also awarded credit for time served for inpatient treatment totaling 29 days. Judge Baldwin granted immediate parole after 24 hours of the date of the sentencing Order.

---

[*] Former Justice specially assigned to the Superior Court.

On January 27, 2023, Appellant was charged with Possession with Intent to Deliver Methamphetamine and Possession with Intent to Deliver Fentanyl by the Pennsylvania Office of Attorney General in the case of *Commonwealth v. Quinones*, CR-23-2023 (Luzerne County). On April 6, 2023, the Commonwealth filed a Motion to Revoke Probation in case CR-2260-2016. [The trial court] conducted a probation revocation hearing on April 24, 2023. [The trial court] revoked probation and imposed the above noted sentence, of which, Appellant appealed.

Tr. Ct. Op. at 1-2.

Appellant raises three issues for our review:

I. Did the Court below err when it imposed a sentence of incarceration of not less than 9 months nor more than 5 years in a State Correctional Institution that was manifestly excessive in violation of 42 Pa. C.S. §9721(b) when it failed to consider the rehabilitative needs of the Appellant and failed to consider the time spent serving the probation order in violation of 42 Pa. C.S. § 9771(b)?

II. Did the Sentencing Court impose a manifestly unreasonable sentence of 9 months to 5 years for a probation violation in violation of 42 Pa. C.S. § 9771(c)?

III. Did the Sentencing Court exhibit bias and partiality when it relied on the seriousness of the charges in sentencing Appellant rather than the lesser offense of a probation violation?

Appellant's Br. at 3.

In an appeal from a sentence imposed after the court has revoked probation, we can review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa. Super. 2015). Each of Appellant's issues challenges the discretionary aspects of her sentence following her probation

revocation. We are mindful that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa. Super. 1999). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

An appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

Appellant was sentenced on April 24, 2023.[1] When a court revokes probation and imposes a new sentence, the defendant must preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.

---

[1] We note that at the conclusion of the probation revocation hearing when the sentence was imposed, the trial court instructed Appellant on her right to appeal, her ability to file a motion within ten days or an appeal within thirty days, and that the consequence of her failing to do so is the loss of appellate rights. N.T., 4/24/23, at 17-18; *see* Pa.R.Crim.P. 708(D)(3).

- 3 -

*Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006). "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition." Pa.R.Crim.P. 708(E).

Here, a review of the record reveals that Appellant failed to preserve her claims at sentencing. *See* N.T., 4/24/23, at 18. After the trial court imposed the sentence and advised Appellant of her appellate rights, the transcript indicates that the trial court asked the attorneys if they had any other matters to raise. *Id*. When neither attorney objected nor raised any other matter, the proceeding concluded. *Id*. Because counsel did not place an objection to the sentence on the record, Appellant did not properly preserve the claim at the sentencing proceedings and thus Appellant was required to file a post-sentence motion to modify her sentence. *See* Pa.R.Crim.P. 708 cmt. ("Issues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal."). The record reflects that Appellant failed to properly preserve this issue in a motion to reconsider or modify sentence because Appellant did not file any post-sentence motions. Accordingly, Appellant is unable to satisfy the four-part test necessary to invoke this court's jurisdiction.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/24/2024