J-S58038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT HABERMAN | |
| Appellant | No. 545 MDA 2015 |

Appeal from the Judgment of Sentence March 6, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000076-2012

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:              **FILED OCTOBER 19, 2015**

Appellant, Robert Haberman, appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas, following his negotiated guilty plea to rape.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant sexually abused his stepdaughter ("Victim") from approximately 2001 until 2007, when she was twelve (12) to eighteen (18) years old. Victim reported the abuse in 2011, and the Commonwealth subsequently charged Appellant on February 27, 2012, with rape by forcible compulsion, sexual assault, statutory sexual assault, endangering welfare of children,

_____

[1] 18 Pa.C.S.A. 3121(a)(1).

_____

*Retired Senior Judge assigned to the Superior Court.

involuntary deviate sexual intercourse by forcible compulsion, and aggravated indecent assault without consent. On August 14, 2014, Appellant entered a negotiated guilty plea to one count of rape by forcible compulsion. The court deferred sentencing, pending an assessment of Appellant by the Sexual Offenders Assessment Board ("SOAB") and a sexually violent predator ("SVP") hearing. On March 6, 2014, the court held a SVP hearing, determined Appellant was a SVP, and sentenced Appellant to sixty (60) to two hundred and forty (240) months' imprisonment.

On March 16, 2015, Appellant filed a timely post-sentence motion, which the court denied on March 26, 2015. On March 27, 2015, Appellant filed a timely notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on April 1, 2015.

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION IN CLASSIFYING [APPELLANT] AS A SEXUALLY VIOLENT PREDATOR WHEN THE ONLY "MENTAL ABNORMALITY OR PERSONALITY DISORDER" PRESENTED WAS A DIAGNOSIS OF HEBEPHILIA, WHICH IS NOT GENERALLY ACCEPTED BY THE SCIENTIFIC COMMUNITY AS A MENTAL ABNORMALITY AND IS NOT A RECOGNIZED MENTAL DISORDER?
>
> DID THE TRIAL COURT ERR BY DENYING [APPELLANT'S] REQUEST FOR A **FRYE**[2] HEARING TO DETERMINE WHETHER HEBEPHILIA IS A GENERALLY ACCEPTED DIAGNOSIS WITHIN THE MENTAL HEALTH COMMUNITY

---

[2] **Frye v. U.S.**, 293 F 2013 (D.C.Cir. 1923).

AND BY STATING THAT A **FRYE** HEARING WOULD HAVE BEEN UNNECESSARY BECAUSE THE COURT ALREADY DETERMINED, WITHOUT A HEARING, THAT THE GENERAL SCIENTIFIC COMMUNITY HAS REACHED A GENERAL ACCEPTANCE OF HEBEPHILIA AS A DIAGNOSIS EVEN THOUGH HEBEPHILIA IS NOT A RECOGNIZED MENTAL DISORDER?

(Appellant's Brief at 12).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Carol L. Van Horn, we conclude Appellant's issues on appeal merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed May 22, 2015, at 3-14) (finding: **(1)** as member of SOAB, Mr. Hays completed expert assessment of Appellant and testified on behalf of Commonwealth at SVP hearing; Mr. Hays testified SOAB generally concurs that hebephilia, defined as sexual attraction to post-pubescent children, is viable mental abnormality for purposes of SVP determination, even though it is absent from Diagnostic and Statistical Manual of Mental Disorders; in **Commonwealth v. Hollingshead**, 111 A.3d 186 (Pa.Super. 2015), Superior Court held that hebephilia diagnosis, combined with expert testimony and facts of case, satisfies mental abnormality requirement necessary for SVP determination; Mr. Hays stated Appellant's sustained sexual urges toward twelve-year-old child supports finding that Appellant suffers from hebephilia; Mr. Hays opined certified record does not contain evidence of other motivation for sexual abuse, so

only explanation for Appellant's behavior is hebephilia diagnosis; Mr. Hays also found relevant to SVP determination Appellant's use of threats to achieve offense, Appellant's relationship with Victim as stepfather, and nature of Appellant's sexual contact with Victim; after analyzing all statutory factors, Mr. Hays concluded facts of case supported conclusion that Appellant is SVP; therefore, Commonwealth presented clear and convincing evidence to classify Appellant as SVP; **(2)** scientific evidence was not novel, because hebephilia is viable mental disorder in field of sexual offender assessment; in *Hollingshead*, Superior Court held that hebephilia, combined with expert testimony and facts of case, can satisfy mental abnormality requirement for purposes of SVP determination; moreover, court already addressed whether hebephilia constitutes novel science because majority of testimony at SVP hearing discussed scientific community's acceptance of hebephilia; thus, court did not err in denying Appellant's request for *Frye* hearing).  Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2015

- 4 -

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | CRIMINAL ACTION |
| | : | |
| vs. | : | No: 76-2012 |
| | : | |
| Robert Haberman, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## STATEMENT OF THE CASE

On August 14, 2014, the above-captioned Defendant, Robert Haberman, pled guilty to one count of rape.[1] Because rape is a sexually violent offense under 42 Pa.C.S. § 9799.14, the Defendant was ordered to be assessed by the State Sexual Offender's Assessment Board, (SOAB) pursuant to 42 Pa.C.S. § 9799.24.[2] Herbert Edwin Hays was appointed by the SOAB to evaluate the Defendant, and testified as an expert in the area of sexual offender assessment, treatment, and management. At the time of the hearing, Mr. Hays had worked for the SOAB for 17 years, and had conducted approximately 1175 sexually violent predator (SVP) assessments. On October 23, 2014, the Defendant filed a Petition for Appointment of Defense Expert for SVP Hearing and this Court granted the Petition the following day. The Defendant retained Timothy P. Foley, Ph.D., for an evaluation and Dr. Foley also testified as an expert in the area of sexual-offender treatment and assessments. At the time of the hearing, Dr. Foley had worked in the field of sexual offender treatment and assessments for 25 years and had conducted roughly 1500 SVP assessments.

---

[1] 18 Pa. C.S. § 3121.

[2] "(a) Order for assessment.--After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the board. The order for an assessment shall be sent to the administrative officer of the board within ten days of the date of conviction for the sexually violent offense. (b) Assessment.--Upon receipt from the court of an order for an assessment, a member of the board as designated by the administrative officer of the board shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator." 42 Pa.C.S. § 9799.24.

On March 6, 2015, a hearing was held to determine if the Defendant was a SVP. Ultimately, Mr. Hays concluded that the Defendant met the criteria to warrant classification as a SVP and this Court agreed and adjudicated the Defendant as a SVP pursuant to 42 Pa.C.S. § 9799.10 et seq. The determination was reduced to an Order of the Court on that same date and the Defendant was subsequently sentenced to 60 to 240 months in a State Correctional Institution with credit for time served. Defendant filed a timely Post-Sentence Motion on March 16, 2015. On March 26, 2015, this Court denied the Motion by Order of Court. Defendant filed a Notice of Appeal on March 27, 2015, and his Concise Statement of Matters Complained of on Appeal on April 1, 2015.

## ISSUES RAISED

Defendant raises the following issues in his Concise Statement:[3]

1. Whether the trial court erred by denying Defendant's request for a *Frye* hearing to determine whether hebephilia is a generally accepted diagnosis within the mental health community and by stating that a *Frye* hearing would have been unnecessary because the Court already determined, without a hearing, that the general scientific community has reached a general acceptance of hebephilia as a diagnosis?

2. Whether the trial court erred or abused its discretion in classifying Defendant as a sexually violent predator?

## DISCUSSION

### I.    Legal Standard

A trial court's determination of SVP status will be reversed on appeal only where the Commonwealth has not presented clear and convincing evidence sufficient to determine each statutory element has been satisfied. *See Commonwealth v. Krouse*, 799 A.2d 835, 838 (Pa. Super. Ct. 2002). Clear and convincing evidence in the context of a Meagan's Law determination

---

[3] Concise Statement of Errors Complained of on Appeal, 4/1/15.

3

is evidence "so clear, direct, weighty and convincing" as to enable the Court "to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue." *Commonwealth v. Maldonado*, 838 A.2d 710, 715 (Pa. 2003). Thus, in evaluating a trial court's SVP classification, the Superior Court's scope of review is plenary. *Commonwealth v. Dixon*, 907 A.2d 533, 535 (Pa. Super. 2006). In *Dixon*, the Superior Court stated:

> [W]e will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied. The evidence must be viewed in the light most favorable to the Commonwealth. The reviewing court may not weigh the evidence or substitute its judgment for that of the trial court. The clear and convincing standard requires evidence that is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

*Dixon*, 907 A.2d at 535 (quoting *Commonwealth v. Plucinski*, 868 A.2d 20, 25 (Pa. Super. 2005) (citations and quotations omitted)).

When determining whether a defendant should be classified as a sexually violent predator, a SOAB expert conducts an assessment of the defendant.

> An assessment shall include, but not be limited to, an examination of the following:
>
> (1) Facts of the current offense, including:
>     (i) Whether the offense involved multiple victims.
>     (ii) Whether the individual exceeded the means necessary to achieve the offense.
>     (iii) The nature of the sexual contact with the victim.
>     (iv) Relationship of the individual to the victim.
>     (v) Age of the victim.
>     (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
>     (vii) The mental capacity of the victim.
>
> (2) Prior offense history, including:
>     (i) The individual's prior criminal record.

4

(ii) Whether the individual completed any prior sentences.
(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:
(i) Age.
(ii) Use of illegal drugs.
(iii) Any mental illness, mental disability or mental abnormality.
(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of re-offense.

42 Pa.C.S. § 9799.24(b).

The purpose of the SOAB expert's assessment is to determine whether the defendant meets the statutory requirements for sexually violent predator status. *Dixon*, 907 A.2d at 536. The proper inquiry is "whether he or she suffers from 'a mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses.'" *Commonwealth v. Fuentes*, 991 A.2d 935, 943 (Pa. Super. 2010) (citations omitted). "Mental abnormality" is "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." 42 Pa.C.S. § 9799.12; *Commonwealth v. Meals*, 912 A.2d 213, 218 (Pa. 2006) (citations omitted). "Predatory" is defined as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. § 9799.12; *Meals*, 912 A.2d at 218-19.

After the expert completes an assessment, the Commonwealth may schedule a hearing to determine a defendant's SVP status. *Meals*, 912 A.2d at 218. As noted above, at the hearing, the Commonwealth has the burden of showing by clear and convincing evidence that the defendant

5

is a SVP. 42 Pa.C.S. § 9799.24(e). Further, the trial court has the ultimate authority to determine whether the Commonwealth has met that burden. *Krouse*, 799 A.2d at 839.

Often when determining whether to classify an offender as a SVP, the court will consider expert psychological and psychiatric testimony on the questions of "sexually violent predator" and "mental abnormality." *Commonwealth v. Dengler*, 843 A.2d 1241 (Pa. Super. 2004). The Superior Court has held that a *Frye* hearing is not necessary when this testimony is used to determine whether a sex offender met the criteria for a SVP because it is not novel scientific evidence. *Id.* A *Frye* hearing is a hearing held for the trial court to determine whether the general scientific community has reached a general acceptance of the principles and methodology used by the expert witness. *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923). Novel scientific evidence is inadmissible if the methodology that underlies the evidence is not generally accepted in the relevant community. *Commonwealth v. Walker*, 92 A.3d 766, 789 (Pa. 2014).

## II. Analysis

### A. Mental Abnormality

In his first argument, Defendant correctly recognizes that a SVP determination requires a showing that the Defendant suffers from a mental abnormality or personality disorder. Defendant contends that hebephilia is not a recognized mental disorder because there is debate within the scientific community as to whether hebephilia is a valid diagnosis. Consequently, Defendant concludes that a hebephilia diagnosis is insufficient to satisfy the mental abnormality or personality disorder required for a SVP determination. Based on this, Defendant concludes that this Court should have held a *Frye* hearing to determine the reliability of the Defendant's hebephilia diagnosis. Defendant's second issue is essentially a sufficiency of the evidence challenge which also alleges that because hebephilia is not a recognized mental disorder there

6

was no showing made that the Defendant suffered from a mental abnormality or personality disorder. As such, the Court will address both issues simultaneously.

Preliminarily, it was conceded at the hearing that the Defendant committed an enumerated offense that requires a SVP determination.[4] It was also conceded at the hearing that the Defendant's behavior was predatory. Therefore, we turn to the question of whether the Defendant suffers from a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses. First we must determine whether the Defendant actually suffers from hebephilia before deciding whether this diagnosis is sufficient to satisfy the mental abnormality requirement of a SVP determination.

Less than three (3) weeks before the hearing, the Superior Court precisely addressed the second issue before this Court. In *Commonwealth v. Hollingshead*, 111 A.3d 186 (Pa. Super. 2015), the Superior Court held that a trial court may conclude based on the facts of the case and expert testimony, that a hebephilia diagnosis satisfies the mental abnormality requirement for purposes of a SVP determination.

In *Hollingshead* the defendant pled guilty to one count of corruption of minors and institutional sexual assault. *Id.* at 189. Following a hearing and briefs, the trial court ultimately designated the Defendant a SVP and she appealed. *Id.* The defendant challenged the sufficiency of the evidence relating to her SVP determination. Specifically, and identical to the instant matter, the defendant argued that the mental abnormality relied upon by the Commonwealth and its expert, hebephilia, was not a recognized mental disorder. *Id.* Further, the defendant contended that the testimony of her expert, Dr. Timothy Foley, illustrated that she did not suffer from a mental abnormality. *Id.* It is notable that Dr. Foley was also the Defendant's expert in the case at bar and testified that the Defendant did not suffer from a mental abnormality.

---

[4] Defendant pled guilty to rape pursuant to 18 Pa. C.S. § 3121. (enumerated offense under 42 Pa. C.S. § 9799.14).

7

Preliminarily, this Court believes the testimony at the hearing clearly illustrates that the Defendant suffers from hebephilia. The *Hollingshead* Court noted that hebephilia is not a listed disorder in the fourth or fifth edition of the Diagnostic and Statistical Manual of Mental Disorders. ("DSM"). This was also conceded by both experts in the instant matter. *See* N.T. 3/6/15 at 18-19, 52-53. Despite being absent from the DSM-5, the Commonwealth's expert witness, Mr. Hays testified at the hearing that the SOAB "generally concurs that hebephilia is a viable paraphilia even though it's not in the DSM-5." N.T. 3/6/15 at 18-19. Further, it is clear that "[t]he statute does not require proof of a standard of diagnosis that is commonly found and/or accepted in a mental health diagnostic paradigm. *Id.* quoting *Commonwealth v. Lee*, 935 A.2d 865 (Pa. 2007). At the hearing, Mr. Hays testified:

> A: Yes. We are guided by the statute.
>
> Q: Does the statute require any diagnosis?
>
> A: No, the statute does not require a psychological or psychiatric diagnosis. It's a statutory definition. And while we do look at the DSM as a way of pinning, I don't know how put it, but pinning the disorder we must take into consideration the entire history of what occurred.

N.T. 3/6/15 at 20-21.

Similar to *Hollingshead*, Mr. Hays testified generally that the definition of hebephilia includes a sexual attraction to a post pubescent child. *Id.* at 19. This age range would be roughly between 11 and 15 years old. *Id.* Specifically regarding the Defendant, Mr. Hays testified on cross examination that:

> Q: Is it possible in your opinion that the motivation for the sexual offending was something other than a psychiatric disorder?
>
> A: I don't believe the record would support that, that conclusion. I believe the record supports the fact that **Mr. Haberman showed sexual urges towards this child when she was 11 or 12 years old**

8

**and he followed through with that, he continued to follow through with that for six, seven years. I don't see any other explanation that I could find in the record for the behavior.** (emphasis added).

*Id.* at 33.

The Defendant provided minimal evidence at the hearing disputing that he actually suffered from hebephilia. Rather, the Defendant's expert Dr. Foley testified that hebephilia is not widely accepted and because it is not included in the DSM-5, the diagnosis essentially does not exist. Given that the *Hollingshead* Court has already recognized that hebephilia exists, we have little trouble concluding that the Commonwealth sufficiently proved at the hearing that the Defendant suffers from hebephilia.

With that initial concern resolved, we turn to the core question before this Court which is whether a hebephilia diagnosis is sufficient to satisfy the mental abnormality or personality disorder requirement. Defendant contends that hebephilia is not a recognized mental disorder and that there is debate in the scientific community as to whether hebephilia is a valid diagnosis. This is the basis of Defendant's argument that a *Frye* hearing should have been conducted and his sufficiency of the evidence challenge. As noted, the *Hollingshead* Court directly resolved this issue less than three weeks before the hearing in this case. The *Hollingshead* Court held that a hebephilia diagnosis is sufficient for the trial court to find a mental abnormality if it is supported by expert testimony and the facts in the case. Further, this holding is consistent with decisions from various other states. *See New York v. Shannon S.*, 980 N.E. 2d 510, 514-515 (2012), *see also Wamstad v. Corman*, 845 N.W.2d 335 (N.D. 2014), *see also Massachusetts v. McKinley*, 5 N.E.3d 2 (table) (2014). This Court believes that the testimony of Mr. Hays was more than sufficient to find that the Defendant's hebephilia diagnosis constituted a mental abnormality. For example, at the hearing Mr. Hays testified:

9

Q: So regarding a paraphilic disorder or paraphilia, it's your assessment the Defendant does have that disorder or abnormity?

A: Yes. Based upon the scientific evidence, not based on whether the DSM-5 has determined [hebephilia is] a paraphilia or not. **It's scientific evidence and the evidence the professionals in the field use to determine whether it is paraphilia or not. And hebephilia by the board standards is a paraphilia. It makes a person likely to commit sexually violent offenses in the future. (emphasis added).**

. . .

Q: Okay. Now, as an expert in the field and as a board member, how does that abnormality, specifically hebephilia, relate to your assessment regarding [the Defendant's] status as a sexually violent predator?
A: **I believe he meets the mental abnormality as paraphilia.** It has no cure. It's a lifetime disorder. (emphasis added)

N.T. 3/6/15 at 21-22.

Additionally, the decision in *Hollingshead* directly conflicts with much of the testimony provided by Dr. Foley at the hearing. Specifically, Dr. Foley testified:

Q: Do you agree that while—let me ask you, are you saying that hebephilia, essentially for you as a clinical psychologist, doesn't exist because it's not in the DSM-5?

A: It's not widely accepted. You know, hebephilia had its day in court over the last couple of years where there was vigorous debate. And it failed. It was rejected. And there's no mention of it. There's no hint of it. There's not even any mention of adolescents.

I respect Mr. Hays' opinion. And I respect, you know, his references to Dr. Blanchard. But Dr. Blanchard has an opinion. And the rest of the community—maybe I shouldn't say it that way. I'm sure there are adherents to Blanchard's position. But they failed.

*Id.* at 64-65.

Although Dr. Foley may very well be correct that hebephilia was not successful in the debate about whether it should be included in the DSM-5, it is unequivocally clear that the *Hollingshead* Court and courts in sister states have found that hebephilia can be sufficient to satisfy the mental abnormality or personality disorder for a SVP determination. This Court finds that the expert testimony provided by Mr. Hays at the hearing was sufficient to find that the Defendant suffered

10

from a mental abnormality. Consequently, a *Frye* hearing in this matter was unnecessary as the scientific evidence was not novel because the Superior Court has already held that hebephilia can be a sufficient basis for a finding of a mental abnormality. Furthermore, the majority of the testimony provided at the hearing between the two experts dealt with the issue of whether hebephilia is generally accepted in the scientific community. Therefore, the substantive issue that a *Frye* hearing would have resolved was properly addressed at the hearing in this case.

### B. Statutory Factors

Next, this Court turns to the 15 statutory factors we must consider. *See* 42 Pa.C.S. § 9799.24(b). At the hearing Mr. Hays testified in support of his recommendation, made to a reasonable degree of professional certainty, that the Defendant met the statutory criteria of a SVP. Regarding the first factor, it is clear that this case involves only one victim.[5] As to the second factor, Mr. Hays testified that although the Defendant did not use unnecessary violence to achieve the offenses, he did use other force that exceeded the means necessary such as preventing the victim from leaving, threatening her and her family, and threatening to kick her out of the house if she told anyone.[6] Regarding the third factor, the nature of the sexual conduct was forced penis-vaginal intercourse, forced fellatio, oral sex, fondling, and digital penetration of the victim's vagina all of which occurred for roughly six years.[7] The fourth factor in this case was particularly concerning as the Defendant was the victim's stepfather which gave him significant control over the victim which he consistently exploited.[8] Fifth, the abuse began when

---

[5] However, as our Superior Court has stated, "the fact that Appellant sexually abused only one child, his [grand]daughter," does not "undermine" such a determination, particularly considering "the predatory nature of [Defendant's] behavior and the numerous acts, over a period of years, perpetrated upon the victim against her will." *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 166 (Pa. Super. 2007).

[6] N.T. 3/6/15 at 14.

[7] *Id.* at 15.

[8] *Id.* at 15-16.

11

the victim was 12 years old and lasted roughly until she was 18 or 19 years old.[9] Mr. Hays was unable to conclude whether the sixth factor, displaying unusual cruelty during the commission of the offense, was a factor in the offenses.[10]

Regarding the seventh factor, although the victim had normal mental capacity, the Defendant did use the vulnerability of their family relationship to abuse her.[11] As to the eighth, ninth, and tenth factors, the Defendant had no prior offenses or sex offender treatment programs and just one prior criminal offense.[12] Regarding the eleventh factor, the Defendant is currently 55 years old. As to the twelfth factor, there was no clear indication that the Defendant used illegal drugs during the time of the offenses.[13] The thirteenth factor, whether the Defendant suffers from a mental abnormality, was discussed at great lengths above and this Court concludes that the Defendant's diagnosis of hebephilia is sufficient to show he suffers from a mental abnormality. As to the fourteenth factor, the Defendant's behavioral characteristics that contributed to his conduct were repeated sexual deviance towards a post pubescent juvenile female that he had the opportunity to sexually assault whenever he desired.[14] Additionally, this Court finds that there are no other circumstances relevant to the SVP inquiry. Finally, Mr. Hays testified that because hebephilia has no cure, it is a lifetime condition, and the Defendant is likely to reoffend given the opportunity.

As highlighted, the Defendant presented testimony of Dr. Foley to rebut the testimony of Mr. Hays. However, a majority of Dr. Foley's testimony was consistent with the conclusions of

[9] Id. at 16.
[10] Id. at 16-17.
[11] N.T. 3/6/15 at 17.
[12] Id. The Defendant's prior criminal offense was a drug conviction.
[13] Although there were no official reports of illegal drug use by the Defendant, Mr. Hays did include in his report that the victim's diary indicated that the Defendant smoked marijuana in the family home and attempted to get her to smoke marijuana and drink alcohol in the family home. Com. Exhibit # 1 at 5.
[14] Com. Exhibit # 1 at 5.

Mr. Hays regarding the fifteen statutory factors. The major difference in Dr. Foley's testimony was regarding factor thirteen, whether the Defendant suffered from a mental abnormality. This issue has been exhaustively discussed and resolved above. Further, the remaining portions of Dr. Foley's testimony dealt primarily with the Defendant's risk of recidivism.

After hearing testimony, this Court noted the *Hollingshead* opinion and stated:

> The Court: The mental abnormality requirement is satisfied with the determination that [the Defendant] does have a condition which is the impetus to his sexual offending; that it is a lifetime condition; and that the condition overrode his ability to control it volitionally.
>
> . . .
>
> And I'll note from the Hollingshead opinion that was filed February 19th of this year, the Superior Court clearly stated that, first, recognized that there is a debate about hebephilia and their use in SVP proceedings but said it goes to the weight of the expert witness's testimony.
>
> The Superior Court concluded that a trial court may conclude based upon the expert testimony and facts in a given case a hebephilia diagnosis is sufficient to find that mental abnormality. That's what I am finding today based on the testimony and report of Mr. Hays who's [sic] considered the statutory factors also in his encompassing conclusion that Mr. Haberman meets the requirement for sexually violent predator designation.
>
> I also rely on the language in Hollingshead that noted Dr. Foley's report in that case was lacking with his focus on the risk of recidivism and that focus was misplaced. The risk of reoffending is but one factor to be considered when making an assessment. It's an independent element.
>
> So again I emphasize encompassing the opinion of Mr. Hays in looking at all the factors in reaching the conclusion that the Commonwealth has met its burden. So [the Defendant] will be designated a sexually violent predator and requested to register as such.

N.T. 3/6/15 at 78-80.

Accordingly, this Court credited the written report and testimony of Mr. Hays and did not find the testimony of Dr. Foley regarding whether Defendant suffered from a mental abnormality and his risk of recidivism to be convincing or compelling.

This Court did not err in classifying the Defendant as a SVP. The Commonwealth presented clear and convincing evidence to conclude the Defendant suffers from "a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses." *Fuentes*, 991 A.2d at 943 (citations omitted). This Court believes that pursuant to the decision in *Hollingshead,* that the expert testimony and facts in the instant matter were sufficient to find that Defendant's hebephilia diagnosis constituted a mental abnormality. Furthermore, Mr. Hays' analysis of the fifteen statutory factors was credible and supports the determination that the Defendant is a SVP.

## CONCLUSION

Pursuant to its authority, this Court did not err when it found the Defendant to be a sexually violent predator as the classification was based on clear and convincing evidence. Further, this Court did not err by failing to hold a *Frye* hearing in this matter. For all the reasons stated herein, this Court respectfully requests that the Superior Court dismiss the appeal of the Defendant.

14

**IN THE COURT OF COMMON PLEAS**
**OF THE 39ᵀᴴ JUDICIAL DISTRICT OF PENNSYLVANIA**
**FRANKLIN COUNTY BRANCH**

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | Criminal Action |
| | : | |
| | : | No. 76-2012 |
| vs. | : | |
| | : | |
| | : | |
| Robert Haberman, | : | |
| Defendant | : | Honorable Carol L. Van Horn |

## ORDER OF COURT

**AND NOW THIS** _22ⁿᵈ_ **day of May, 2015,** pursuant to Pa.R.A.P.1931(c),

 **IT IS HEREBY ORDERED** that the Clerk of Courts of Franklin County shall promptly transmit to the Prothonotary of the Superior Court the record in this matter along with the attached Opinion *sur* Pa.R.A.P. 1925(a).

 *Pursuant to Pa.R.Crim P. 114, the Clerk of Courts shall immediately docket this Opinion and Order of Court and record in the docket the date it was made. The Clerk shall forthwith furnish a copy of the Opinion and Order of Court, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.*

By the Court,

_____
Carol L. Van Horn, J.

copies:
Matthew D. Fogal, Esq., Franklin County District Attorney
Tammy Dusharm, Esq., Counsel for Defendant

15

Robert Haberman

76-2012

May 22, 2015, I Martha Burkholder,  served a copy of the Order signed

May 22,  2015 by Judge Van Horn on  the following persons by the stated  method.

Interoffice Mail: Franklin County District Attorney's Office , Public Defender's Office

_Martha Burkholder_ Deputy Clerk