J-S69020-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| TERRANCE L. KRONK | : | |
| Appellant | : | No. 501 WDA 2017 |

Appeal from the Judgment of Sentence August 30, 2016
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000767-1976

BEFORE: BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY RANSOM, J.:                    FILED JANUARY 12, 2018

Appellant, Terrance L. Kronk, appeals from the judgment of sentence of forty years to life, imposed August 30, 2016, following remand for resentencing pursuant to Miller v. Alabama, 132 S.Ct. 2455 (2012), Montgomery v. Louisiana, 136 S.Ct. 718 (2016), and Commonwealth v. Batts, 66 A.3d 286 (Pa. 2013) ("Batts I"). We affirm.

The procedural history and relevant facts are as follows:

On November 9, 1975, Appellant entered an open guilty plea to one count of criminal homicide. On October 17, 1976, the trial court found Appellant guilty of second-degree murder and sentenced him to a mandatory term of life imprisonment without the possibility of parole. Appellant was a juvenile at the time he committed the murder.

During his incarceration, Appellant filed multiple unsuccessful petitions for writ of habeas corpus and PCRA relief. However, on August 6, 2012, Appellant filed a PCRA petition alleging that he was entitled to relief pursuant to the United States Supreme

_____
*  Former Justice specially assigned to the Superior Court.

Court's decision in Miller v. Alabama, 132 S.Ct. 2455 (2012), which held that mandatory life sentences for juvenile offenders were unconstitutional.

\* \* \*

The Supreme Court decided Miller on June 25, 2012, and Appellant filed the [] PCRA petition forty-two days later. See 42 Pa.C.S. § 9545(b)(2) (stating that a PCRA petition must be filed within sixty days of the date the claim could have been presented). Appellant argued that the decision in Miller should be retroactively applied. On November 6, 2013, the PCRA court dismissed Appellant's petition, and on May 22, 2015, we affirmed the PCRA court's order.

Appellant filed a petition for allowance of appeal with our Supreme Court on May 27, 2015. While that petition was pending, on January 25, 2016, the United States Supreme Court filed its opinion in Montgomery. In the Montgomery decision, the United States Supreme Court held that Miller's prohibition on mandatory life sentences without the possibility of parole for juvenile offenders was a new substantive rule, and it must be applied retroactively in cases on collateral review in state courts. Montgomery, 136 S.Ct. at 732. Accordingly, on February 24, 2016, the Pennsylvania Supreme Court vacated our May 22, 2015 decision and remanded Appellant's appeal from the denial of PCRA relief to this Court. [See Commonwealth v. Kronk, 132 A.3d 979 (Pa. 2016)]

Commonwealth v. Kronk, 1853 WDA 2014, 2016 WL 1546485, at *1 (Pa. Super. Apr. 15, 2016) (unpublished memorandum). This Court determined that Appellant was entitled to PCRA relief. Id. at *2.[1] This Court reversed

_____

[1] "[P]etitioners whose PCRA petitions were based on Miller and were on appeal at the time the United States Supreme Court filed its decision in Montgomery are entitled to relief from their unconstitutional sentences[.]" Kronk, 2016 WL 1546485, at *2 (citing Commonwealth v. Secreti, 134 A.3d 77 (Pa. Super. 2016)).

the PCRA court's order dismissing Appellant's petition, vacated Appellant's judgment of sentence, and remanded for resentencing in accordance with Miller.[2]

On August 30, 2016, the trial court held a resentencing hearing. Thereafter, the court resentenced Appellant to forty years to life. Appellant timely filed a post-sentence motion, which was denied. Appellant timely appealed his new sentence and filed a court-ordered 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues:

I. Did the sentencing court commit legal error when it entered a sentence "pursuant to" 18 Pa.C.S. § 1102.1(c)(1) for an offense committed before that Section's effective date?

II. Did the sentencing court abuse its discretion?

Appellant's Br. at 7.

First, Appellant contends that his sentence is illegal because the court impermissibly relied solely on 18 Pa.C.S. § 1102.1, rather than considering the factors identified in Miller. Id. at 19-20 (noting that the court stated that it was imposing a sentence pursuant to Section 1102.1(c), having considered the factors in Subsection (d)(1) through (7)); see Resentencing Transcript (R.T.), 8/30/2016, at 71. Appellant avers that Section 1102.1 does not apply

_____

[2] Miller rendered Pennsylvania's mandatory scheme of life imprisonment for first and second degree murder unconstitutional, as applied to offenders under the age of eighteen (18) at the time of their crimes. Miller v. Alabama, 132 S.Ct. 2455 (2012).

to a person convicted before June 24, 2012. See Appellant's Br. at 19-20 (relying on Commonwealth v. Batts, 163 A.3d 410 (Pa. 2017) ("Batts II")). Appellant also relies on Commonwealth v. Hicks, 151 A.3d 216, 228 (Pa. Super. 2016), appeal denied, 168 A.3d 1287 (Pa. 2017), in which this Court remanded a defendant for resentencing where the court applied the mandatory minimum prescribed by Section 1102.1, finding that the statute applies only to convictions that occurred "after June 24, 2012." Hicks, 151 A.3d at 230 (remanding for resentencing in accordance with the factors set forth in Miller and Commonwealth v. Knox, 50 A.3d 732, 745 (Pa. Super. 2012)).[3]

In response, the Commonwealth contends that Appellant ignores that the sentencing court used Section 1102.1(c) as a template to set the new length of his sentence. See Commonwealth's Br. at 3. Moreover, Appellant fails to establish how the court's consideration of the factors under Section 1102.1(d) would be different had the sentencing court applied Miller criteria instead. Id. at 4. According to the Commonwealth, there is a clear overlap between the factors listed in Section 1102.1(d) and the Miller criteria. See id. at 5-7. Further, Appellant failed to object to the sentencing court's reliance on Section 1102.1.

---

[3] In so doing, Appellant conflates his legality of sentence claim with his discretionary aspects of sentence claim. Hicks is inapposite to the former. See Hicks, 151 A.3d at 226 ("Appellant's claims of sentencing errors are challenges to the discretionary aspects of his sentence.").

At the sentencing hearing, the court and defense counsel discussed the applicability of Section 1102.1. Defense counsel stated on the record: "We think that the [c]ourt … may apply 1102.1 guidelines in sentencing." R.T. at 6. In response, the sentencing court stated: "For lack of any other template to follow, I am going to use 1102.1…." Id.

Section 1102.1(c) states, in relevant part:

(c) Second degree murder.--A person who has been convicted after June 24, 2012, of a murder of the second degree, second degree murder of an unborn child or murder of a law enforcement officer of the second degree and who was under the age of 18 at the time of the commission of the offense shall be sentenced as follows:

(1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of imprisonment the minimum of which shall be at least 30 years to life.

18 Pa.C.S. 1102.1(c).

In Batts I, Justice Baer authored a concurring opinion that suggested "'for the purpose of uniformity in sentencing,' courts tasked with resentencing juveniles convicted prior to the Miller decision should look to Section 1102.1 for guidance in setting a defendant's minimum sentence and to 'follow policy determinations' encompassed in the statute.'" Batts II, 163 A.3d at 421 (quoting favorably, Batts I, 66 A.3d at 300 (Baer, J., concurring)). In Batts II, the Supreme Court reasoned:

[A]lthough the General Assembly presumably initially believed (as did a majority of this Court) that the holding in Miller would not apply to defendants convicted prior to the date of the decision, this proved to be incorrect in light of the United States Supreme

Court's decision in Montgomery. Nonetheless, Section 1102.1 provides a clear expression of legislative intent as it relates to sentencing juveniles convicted of first-degree murder. Although the statute itself is inapplicable to Batts based (solely) upon the date of his conviction, it is clear, as reflected in Section 1102.1, that the General Assembly would preserve the remainder of the parole statute, sever the minimum sentence ceiling of Section 9756(b)(1), and permit these defendants to be sentenced to life with the possibility of parole, rather than have no sentence at all for juveniles convicted of first-degree murder. See D.P., 146 A.3d at 216; 18 Pa.C.S. § 1102.1(a). To conclude otherwise would require that we impermissibly presume that the General Assembly intended to discriminate unconstitutionally between pre- and post–Miller juvenile offenders or that it intended that only post–Miller juvenile offenders receive punishment for first-degree murder—clearly an absurd and unreasonable proposition. See 1 Pa.C.S. § 1922(1), (3) (instructing that when ascertaining legislative intent, courts must presume that the General Assembly did not intend to violate the State or Federal Constitution or intend an absurd, impossible or unreasonable result).

Batts II, 163 A.3d at 444–45.

Consistent with Batts I and II, the policy determination as to the minimum guideline range suggested by the legislature for second-degree murder is "a term of imprisonment the minimum of which shall be at least 30 years to life." 18 Pa.C.S. 1102.1(c)(1). Further, the sentencing court did not commit legal error in seeking guidance from the statute "to advance the long-recognized goals of uniformity and certainty in sentencing decisions." Batts II, 163 A.3d at 457–58 (citations omitted).

Here, the sentencing court recognized that it was not obligated to follow Section 1102.1 due to the date of Appellant's conviction. The court considered the legislative purpose and found the rationale to be persuasive as a template for resentencing. See Trial Ct. Op. (TCO), 4/26/2017, at 2. The sentencing

court considered the factors listed in Subsection (d), which correlate with the age-related *Miller* factors. After carefully considering the evidence and testimony presented, the court resentenced Appellant to forty years to life imprisonment. Appellant's sentence amounted to time served with immediate eligibility for parole.[4]

The sentencing court was constitutionally permitted to impose a minimum term-of-years sentence and a maximum sentence of life imprisonment, thus ensuring Appellant was eligible for parole upon the expiration of his minimum sentence, and to consider Section 1102.1 in determining a minimum sentence to apply in resentencing a juvenile for second-degree murder. *Batts II*, 163 A.3d at 457-58; see also *Commonwealth v. Melvin*, --- A.3d ---, 2017 PA Super 301, at *4 (Sept. 20, 2017) (applying *Batts II* where the Appellant was convicted of second-degree murder). Accordingly, Appellant's sentence is legal and no relief is due.

In his second issue, Appellant asserts the court abused its discretion when it relied on Section 1102.1 and the factors contained therein. According to Appellant, the court was also required to consider those factors set forth in *Knox* and *Miller*. See Appellant's Br. at 25-26 (citing in support *Hicks*, 151

_____

[4] Following resentencing, Appellant was approved for parole on December 23, 2016, was released on February 11, 2017, and currently he resides with family members in Georgia per his approved home plan. See Appellant's Br. at 13.

A.3d at 230). This argument presents a challenge to discretionary aspects of

Appellant's sentence. We apply the following principles:

> We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." Commonwealth v. Zirkle, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. Commonwealth v. W.H.M., 932 A.2d 155, 163 (Pa. Super. 2007).
>
> As we observed in Commonwealth v. Moury, 992 A.2d 162 (Pa. Super. 2010):
>
> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Id. at 170 (citing Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Commonwealth v. Sierra, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Hicks, 151 A.3d at 226-27.

Here, the first three requirements of the four-part test are met:

Appellant timely appealed, raised the challenges in a post-sentence motion,

and included in his brief the necessary Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal. Next, we examine Appellant's Rule 2119(f) statement to determine whether he presents a substantial question.

In his Rule 2119(f) statement, Appellant asserts that the sentencing court failed to set forth adequate reasons for the sentence imposed because the court was required to consider the Miller factors. See Appellant's Br. at 16-17. Relying on Hicks, Appellant contends that "the trial court improperly relied on 18 Pa.C.S. §1102.1(a) without making a determination of sentence duration based on Knox and Miller[.]" Id. at 16.

This Court has previously recognized that "the sentencing court's failure to set forth adequate reasons for the sentence imposed … raises a substantial question." Hicks, 151 A.3d at 227 (citing in support Commonwealth v. Macias, 968 A.2d 773, 776 (Pa. Super. 2009)). Accordingly, Appellant has raised a substantial question, and we will proceed to address the merits of his claim.

In Hicks, the juvenile defendant was sentenced by the trial court to life without the possibility of parole for one count of first-degree murder, a consecutive five to ten years for aggravated assault, a consecutive ten to twenty years for criminal attempt-homicide, and no further penalty on the remaining charges. Hicks, 151 A.3d at 220. This Court remanded for resentencing by this Court pursuant to Miller due to the imposition of a mandatory life without parole sentence. The court resentenced the defendant

pursuant to the mandatory minimum prescribed by Section 1102.1 for first-degree murder, to thirty-five years to life imprisonment, followed by a consecutive ten to twenty years for criminal attempt-homicide, a consecutive two and one-half to five years for aggravated assault, and no further penalty on the remaining counts. See id. When the defendant timely appealed this new sentence, his discretionary aspects of sentencing claim was that: (1) the sentences imposed taken together were manifestly excessive; and (2) the court abused its discretion when it resentenced the defendant pursuant to 18 Pa.C.S. § 1102.1. See id. at 226. After careful review, this Court concluded that the trial court abused its discretion in relying solely on Section 1102.1 without considering the sentencing factors set forth in Knox and Miller. Id.

Appellant's reliance on Hicks is misplaced. In Hicks, the resentencing court imposed the minimum sentence required by Section 1102.1 despite the statute's plain language limiting its direct application to juveniles who committed a murder "after June 24, 2012." Id. at 228 (noting that the court could have imposed a shorter minimum sentence on the homicide conviction) (quoting 18 Pa.C.S § 1102.1(a)).[5] Here, in contrast, the court did not apply the minimum sentence prescribed by the statute. Appellant was sentenced to forty years to life, which equated to the amount of time already served with

_____

[5] Further, this Court relied on this Court's holding in Commonwealth v. Batts, 125 A.3d 33 (Pa. Super. 2015), which has since been modified by the Supreme Court in Batts II.

immediate eligibility for parole.

Further, the Hicks Court criticized the sentencing court's failure to consider Miller factors prior to imposing the sentence. See id. at 229-300. Here, the sentencing court stated that it considered the minimum sentence provided by Section 1102.1(c) and the age-related factors listed under Section 1102.1(d) in determining Appellant's sentence for second-degree murder. See R.T. at 71. The Hicks courts did not address whether those factors set forth in Subsection (d) of 1102.1 represent a sufficient representation of the Miller factors.

We conclude that the factors listed in Subsection (d) correlate directly with and were designed to implement Miller's holding. Furthermore, as the Batts line of cases make clear, and as is expressly set forth in Subsection (d), consideration of these factors is required only prior to imposing a sentence of life without parole for first degree murder. See Batts I, 66 A.3d at 295-96; Batts II, 163 A.3d at 459-460. In such cases, the Commonwealth must provide reasonable notice that it intends to seek a life without parole sentence prior to the sentencing hearing and then evidence pursuant to Subsection (d) may be offered to rebut the possibility of a life sentence. See id; see also 18 Pa.C.S. § 1102.1(b).

As discussed supra, the sentencing court could look to Section 1102.1 for guidance as to the minimum sentence in resentencing a juvenile defendant formerly sentenced to a non-discretionary life-without-parole sentence. Batts

II, 163 A.3d at 458 n.25; see also Batts I, 66 A.3d at 300 (Baer, J., concurring) (noting that for the purpose of uniformity in sentencing, courts tasked with resentencing may look to Section 1102.1 for policy related guidance in setting a defendant's minimum sentence). It follows that the court was permitted to impose a sentence greater than the minimum. See 18 Pa.C.S. 1102.1(e) ("Nothing under [] Section [1102.1] shall prevent the sentencing court from imposing a minimum sentence greater than that provided in this Section.").

Explicit consideration of Knox factors is of no moment where the court is not considering a life sentence without the possibility of parole. "In sentencing a juvenile offender to life with the possibility of parole, traditional sentencing considerations apply." Batts II, 163 A.3d at 460 (noting that the sentencing court should look to Section 1102.1 for guidance on the minimum sentence to impose) (citing 42 Pa.C.S. § 9721(b) ("the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.")). "[Miller] contains no 'formal factfinding requirement … so as to permit the States to sovereignly administer their criminal justice systems and establish a proper procedure for the proper implementation of Miller's holding." Batts II, 163 A.3d at 433 (quoting Montgomery, 136 S.Ct. at 735).

More generally, to the extent Appellant asserts that the court failed to consider mitigating factors, the record clearly does not support his assertion. See Appellant's Br. at 26-28. The factors that the sentencing court considered in its 1925(a) opinion included: (1) the early life events that brought Appellant to the day of his crime, (2) Appellant's youth at the time of the crime, (3) his familial circumstances, and (4) the role he played in the criminal activity. See TCO at 2-3. The court also noted "the admirable forgiveness" of the victim's family, the victim's undeniable death, and the actions to which Appellant admitted during his guilty plea hearing. Id. at 2. After considering all of the evidence presented, applying traditional sentencing factors as well as age-related factors, the court imposed a sentence of forty years to life.

Here, the court considered the evidence of Appellant's youth and immaturity presented at the resentencing hearing as mitigating factors in fashioning Appellant's sentence. Clearly, the record reflects that the court considered traditional sentencing guidelines as well as age-related characteristics of Appellant. Moreover, the sentence imposed for the murder that Appellant committed was reasonable. [6] Accordingly, we discern no abuse of discretion.

Judgment of sentence affirmed. Jurisdiction relinquished.

_____

[6] We reject Appellant's unsupported conclusion that the sentence imposed was excessive.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2018