J-A01025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DANTE OVERBY, | |
| Appellee | No. 1532 EDA 2017 |

Appeal from the Order April 27, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0604691-2006

BEFORE:  LAZARUS, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 23, 2018**

The Commonwealth appeals from the order granting Appellee, Dante Overby's, first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, which resulted in the withdrawal of his guilty plea.[1]  We reverse.

We take the following factual and procedural history from our independent review of the certified record and this Court's December 22, 2009 decision on direct appeal.

> [Appellee] was arrested on April 22, 2006[,] as a result of events occurring at the Cognac Corner Bar at 21st and Reed Street

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellee also has appealed the PCRA court's order, at docket number 1705 EDA 2017.

in Philadelphia. [Appellee] fired gunshots through the door of the bar, [wounding two individuals]. Trial was scheduled to begin on March 5, 2007, but on that date [Appellee] instead [pleaded] guilty to the above-described charges in exchange for the Commonwealth's agreement to drop others[, and not to argue that Appellee waived his Rule 600 issue by pleading guilty]. [Appellee] was sentenced to six and one half to thirteen years of imprisonment. Trial counsel was permitted to withdraw and new counsel was appointed on June 4, 2007.

(**Commonwealth v. Overby**, No. 832 EDA 2007, unpublished memorandum, at *1-2 (Pa. Super. filed Dec. 22, 2009)).

On December 22, 2009, this Court affirmed Appellee's judgment of sentence and granted appointed appellate counsel's petition to withdraw. The panel concluded, in pertinent part, that Appellee's claim that the Commonwealth violated Rule 600 is "wholly without merit" because "no violation of Rule 600 occurred in this case." (**Id.** at *4). The panel also found alternatively that the Rule 600 issue is waived where Appellee pleaded guilty. (**See id.** at *4-5). On November 9, 2010, the Pennsylvania Supreme Court denied further review, and the United States Supreme Court denied *certiorari* on April 25, 2011. (**See Commonwealth v. Overby**, 12 A.3d 751 (Pa. 2010), *cert. denied*, 563 U.S. 966 (2011)).

On November 21, 2011, Appellee filed a *pro se* first PCRA petition. After the PCRA court appointed counsel, Appellee moved to proceed *pro se* on July 23, 2012. The court held a **Grazier**[2] hearing on August 13, 2015, and granted

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 2 -

Appellee's request. Appellee filed a *pro se* amended PCRA petition on October 9, 2015. In his petitions, Appellee claimed that the Commonwealth violated Rule 600 and plea counsel was ineffective for misrepresenting that he would be able to raise his Rule 600 claim on appeal.[3]

On April 27, 2017, the PCRA court granted Appellee's petition and allowed him to withdraw his guilty plea. The court found that counsel had no reasonable basis for advising Appellee that he would be able to raise the Rule 600 issue on direct appeal despite pleading guilty. The Commonwealth timely appealed.[4]

The Commonwealth raises one issue for our review:

> Did the PCRA court err in allowing [Appellee] to withdraw his guilty plea because plea counsel had advised him that he would receive appellate review of his Rule 600 claim, where this Court reviewed the merits of that claim on direct appeal and [Appellee] therefore suffered no actual prejudice as a result of counsel's advice?

(Commonwealth's Brief, at 6).

> [A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. . . .

_____

[3] Appellee also raised an **Alleyne** claim, but withdrew it during oral argument. **See Alleyne v. United States**, 133 S. Ct. 2151 (2013); (N.T. Hearing, 3/27/17, at 10).

[4] On May 10, 2017, the Commonwealth filed its statement of errors raised on appeal contemporaneously with its notice of appeal. The court did not file an opinion. **See** Pa.R.A.P. 1925.

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for [a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

***Commonwealth v. Orlando***, 156 A.3d 1274, 1280-81 (Pa. Super. 2017) (case citations and quotation marks omitted).

Instantly, the Commonwealth argues that, because "[t]his Court reviewed (and rejected) the merits of the [Rule 600] claim on direct appeal[,] [Appellee] [] experienced no actual prejudice as a result of plea counsel's actions." (Commonwealth's Brief, at 15). Therefore, the Commonwealth

- 4 -

maintains that "the PCRA court's order should be reversed." (*Id.*). We are constrained to agree.

A review of the record reveals that Appellee argued that, "had [he] known that [he] couldn't appeal [his] Rule 600 right, [he] would not have taken th[e] plea." (N.T. Hearing, at 11). In its opinion, the PCRA court expressly stated that it was not considering the merits of the underlying Rule 600 claim, and made no finding as to the required prejudice prong, focusing instead on the reasonable basis prong and the advice given by plea counsel. (*See* PCRA Court Opinion, 4/27/17, at 8-9). However, even *assuming arguendo* that the court properly found that counsel lacked a reasonable basis for his advice,[5] it did not find, and Appellee did not argue, that he suffered any actual prejudice. (*See id.*). Therefore, we are constrained to conclude that the PCRA court erred in finding counsel ineffective without considering the prejudice prong of the ineffectiveness test. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 161 (Pa. Super. 2007) ("[I]f it is clear that a defendant has failed to meet the prejudice prong, the claim may be dismissed on that basis alone.") (citation omitted).

---

[5] The PCRA court mistakenly finds that Appellee's claim has underlying merit because counsel did not have a reasonable basis for advising Appellee as he did. (*See* PCRA Ct. Op., at 8). However, the underlying merit prong of the test goes to the underlying Rule 600 claim, not to the reasonable basis prong of the test.

In fact, our independent review of the record confirms that, not only did the PCRA court not address the prejudice prong, Appellee is unable to establish it. In his direct appeal, this Court addressed Appellee's Rule 600 issue substantively and expressly concluded that it is "wholly without merit." (**Overby**, No. 832 EDA 2007, at *5).[6] The fact that this Court observed, alternatively, that Appellee waived the issue by pleading guilty does not negate our substantive conclusion that his Rule 600 claim lacks merit. Accordingly, Appellee did not suffer any prejudice on the basis of counsel's advice where he actually received appellate review of his Rule 600 motion in spite of pleading guilty, and this Court concluded that his underlying Rule 600 claim lacks merit.[7]   **See Orlando**, **supra** at 1280-81.   Hence, we are

_____

[6] Appellee was arrested and the Commonwealth filed charges against him, on April 22, 2006. Pursuant to Article I, Section 14 of the Pennsylvania Constitution, he was held without bail. **See** Pa. Const. Art. I, § 14. Appellee pleaded guilty on March 5, 2007, the day scheduled for the commencement of trial. Therefore, because the Commonwealth met its burden of bringing Appellee to trial within 365 of charges being filed against him, Rule 600 was not violated. **See** Pa.R.Crim.P. 600(A)(2)(a).

[7] We also note that the PCRA court's reliance on **Commonwealth v. Hickman**, 799 A.2d 136 (Pa. Super. 2002), does not support its finding. (**See** PCRA Ct. Op., at 6-7). In **Hickman**, plea counsel erroneously advised the defendant "he could be released from prison in two years and be eligible for parole six months later, when, in fact, [defendant] was statutorily ineligible for release into the boot camp program and could not receive parole until he had served four years imprisonment." **Hickman**, **supra** at 141. This prejudiced the defendant because he was required to remain imprisoned for a longer time-period than that for which he had bargained. **See id.** at 142. Here, Appellee entered his guilty plea, in part, based on his understanding that he would be able to obtain appellate review of his Rule 600 claim, which, in fact, he did receive. The holding of **Hickman** is inapposite.

constrained to conclude that the PCRA court erred in granting Appellee PCRA relief, and allowing him to withdraw his guilty plea.

Order reversed. Case remanded with instructions to reinstate Appellee's guilty plea and judgment of sentence. Panel jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/18