J-S04004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PATRICIA OSTERWEIL :
:
Appellant : No. 1411 MDA 2018

Appeal from the Judgment of Sentence Entered August 13, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000222-2018

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 11, 2019**

Patricia Osterweil ("Appellant") appeals from the judgment of sentence entered on August 13, 2018, following her open guilty plea to one count of delivery of a controlled substance (heroin), one count of conspiracy to commit delivery, and one count of possession with intent to deliver.[1] Additionally, Appellant's counsel has filed a petition seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition. After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903(a), and 35 P.S. § 780-113(a)(30), respectively.

---

* Former Justice specially assigned to the Superior Court.

The prosecutor presented the following factual basis for Appellant's guilty plea:

> On or about November 20th of 2017, detectives with the Kingston Borough Police Department along with members of the Luzerne County Drug Task Force set up a controlled purchase of heroin with a confidential informant at 80 Green Street in Edwardsville Borough. On that date [Appellant] did knowingly deliver heroin to a confidential informant, which is a Schedule I controlled substance. Additionally, the Commonwealth alleges that [Appellant] conspired and agreed with Cordel Rowe that they or one or more of them would engage in conduct constituting said crime.

N.T. (Guilty Plea), 6/11/18, at 5. Following acceptance of Appellant's guilty plea, the trial court sentenced Appellant to incarceration for an aggregate term of twenty-four to forty-eight months. Appellant filed a timely appeal and, along with the trial court, complied with Pa.R.A.P. 1925. On appeal, counsel presents the following question on Appellant's behalf: "Whether the trial court abused its discretion in sentencing the Appellant." **Anders** Brief at 1.

Before we address the question raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the *Anders* brief and the petition to withdraw, as well as a letter, a copy of which is attached to the brief. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel to represent her.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361; *Cartrette*, 83 A.3d at 1032.

Counsel's brief is sufficiently compliant with *Santiago*. It sets forth the history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. *Anders* Brief at 6-7. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. *Id.* at 7-8. Accordingly, we proceed to examine the issue counsel identified in the *Anders* brief, and then we conduct "a full

examination of all the proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).

The trial court held that Appellant waived this issue because her Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal lacked sufficient specificity. Trial Court Opinion, 10/5/18, at unnumbered 2 (citing ***Commonwealth v. Eichinger***, 108 A.3d 821, 850 (Pa. 2014)). We affirm the trial court's waiver ruling, but on a different basis. ***See Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa. Super. 2010) ("It is well-settled that this Court may affirm on any basis.") (citation omitted).

The issue presented challenges the discretionary aspects of Appellant's sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

[a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing

or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)).

Herein, two of the first three requirements of the four-part test are met: Appellant brought a timely appeal and included in her appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). **Anders** Brief at 3. However, Appellant did not preserve this issue at the sentencing proceeding or by filing a post-sentence motion. Thus, it is waived. **Moury**, 992 A.2d at 170.

Even if we were to determine that Appellant's claim was not waived, we would find no merit to the underlying allegation. When reviewing a challenge to the discretionary aspects of sentencing, this Court will determine whether the trial court has abused its discretion. **Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* (quoting **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014)).

Here, the trial court concluded that, even if Appellant's sentencing claim were considered, "it would be without merit" because she failed to raise a substantial question "and no evidence exists of record to support such a claim." Trial Court Opinion, 10/5/18, at unnumbered 2, 3. The trial court continued:

Had [Appellant] raised a substantial question regarding the sentence imposed, her appeal must fail.

* * *

The standard range of the guidelines for the delivery, possession with intent [to deliver] and conspiracy is twenty-one to twenty-seven months. [Appellant's] sentence of twenty-four to forty-eight months on each charge is within the standard range. These sentences were imposed to run concurrently. Application of the guidelines under the facts of this case was appropriate. An aggregate sentence of twenty-four to forty-eight months is neither unreasonable nor excessive. No abuse of discretion occurred. As a result, the judgment of sentence imposed by this [c]ourt on August 13, 2018 should be affirmed.

*Id.* at 4-5.

Based on the foregoing, we would conclude that Appellant failed to establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Caldwell*, 117 A.3d at 770.

Finally, we have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. *Yorgey*, 188 A.3d 1190, 1195. After review of the issues

raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2019